## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND CATALYTICS LLC** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | C.A. No. 05-10077-RGS |

## JOINT STATEMENT
## PURSUANT TO LOCAL RULE 16.1

Counsel for plaintiff and defendants have conferred as required by Rule 16.1(B) of the Local Rules of the United States District Court for the District of Massachusetts and now submit this Joint Statement in accordance with Local Rule 16.1(D).

### I.    Answer/Motion to Dismiss

Defendant Epstein Becker & Green, P.C. filed an answer to the complaint in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") on April 2, 2004. Defendants Berman and Jacks filed an answer to the complaint in the Bankruptcy Court on March 22, 2004, along with a respective motion to dismiss Count II of Plaintiffs' complaint. The Defendants Quantum Catalytics LLC, John Preston, Christopher Nagel (collectively, the 'Quantum Defendants'), filed a motion in the Bankruptcy Court on March 22, 2004 to dismiss Plaintiffs' complaint. The Quantum Defendants intend to file a renewed motion

- 2 -

to dismiss prior to the date of the initial scheduling conference before this Court. Defendants' aforesaid motions to dismiss were stayed pending Defendants' motions to withdraw the reference to the Bankruptcy Court and subsequent motions to transfer venue to this Court. Plaintiffs have agreed to file their response to Defendants' pending motions to dismiss no later than twenty (20) days from the date of the initial scheduling conference. Defendants will file any reply to Plaintiffs' response to the motions to dismiss, and/or any supplement to Defendants' original points and authorities in support of their motion to dismiss in order to provide relevant First Circuit authority in support of their respective motions to dismiss, no later than fourteen (14) days after service of the Plaintiff's response. The Quantum Defendants will file an Answer to the Complaint, including Affirmative Defenses, within ten (10) days of this Court's ruling on their Motion to Dismiss, if the motion is not granted.

**II.     Initial Disclosures**

The parties will exchange written initial disclosure statements and documents, as required by Fed. R. Civ. P. 26(a)(1) and Local Rules 26.1(B) and 26.2 by June 20, 2005.

**III.    Proposed Pretrial Schedule**

   **A.    Fact Discovery**

   (1)   The first round of interrogatories and requests for production of documents shall commence so as to be completed by September 16, 2005.

   (2)   All fact discovery, including depositions, interrogatories, requests for documents and requests for admissions, shall be completed by December 20, 2005.

   **B.    Amendment of Pleadings**

   Motions to amend pleadings shall be served and filed by September 16, 2005.

- 3 -

    C.    **Expert Discovery**

        (1)    The parties bearing the burden of proof shall identify their experts pursuant to Fed.R.Civ.P. 26(a)(2)(A), and produce expert reports pursuant to Fed.R.Civ.P. 26(b)(4)(A), no later than January 20, 2006.

        (2)    The identification of rebuttal experts and production of their expert reports will be due no later than March 1, 2006.

        (3)    All expert depositions to be completed by April 15, 2006.

    D.    **Case Dispositive Motions**

All dispositive motions served and filed by May 1, 2006. All oppositions to be served and filed by June 1, 2006.

**IV.**    **Trial by Magistrate Judge**

The parties do not consent to trial by magistrate at this time, but may do so as the case develops. The parties agree that ADR is premature but would be willing to consider it at the appropriate time.

**V.**    **Settlement**

In accordance with LR 16.1(C), Plaintiffs have submitted a written settlement proposal to all Defendants. Defendants' counsel will discuss such proposal with their respective clients and be prepared to respond to the proposal at the conference.

**VI.**    **Certifications**

The certifications required by Local Rule 16.1(D)(3) are being filed with the Court under separate cover.

- 4 -

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. and CATALYTICS LLC<br>By his attorney, | QUANTUM CATALYTICS, LLC, JOHN PRESTON and CHRISTOPHER NAGEL<br>By their attorneys, |
| /s/ Robert M. Fleischer<br>Robert M. Fleischer, Esq.<br>JACOBS PARTNERS, LLC<br>Merrot View<br>383 Main Avenue<br>Norwalk, CT  06851<br>203.846.6622 | /s/Joseph S. Ayoub<br>Joseph S. Ayoub, Esq. (BBO # 024900)<br>Nancy E. Maroney, Esq. (BBO #652324)<br>NUTTER MCCLENNEN & FISH, LLP<br>155 Seaport Boulevard<br>Boston, MA  02210<br>617.439.2000 |
| EPSTEIN BECKER & GREEN, P.C.<br>By its attorneys, | ETHAN JACKS and EUGENE BERMAN,<br>By their attorneys, |
| /s/ Marjorie Sommer Cooke<br>Marjorie Sommer Cooke, Esq. (BBO #097800)<br>Paula M. Bagger, Esq. (BBO #547703)<br>COOKE, CLANCY & GRUENTHAL, LLP<br>265 Franklin Street<br>Boston, MA  02110<br>617.428.6800 | /s/ John P. Coyle<br>John P. Coyle, Esq. (BBO #103530)<br>Jon R. Stickman, Esq. (*pro hac vice* pending)<br>DUNCAN & ALLEN<br>1575 Eye Street, NW<br>Suite 300<br>Washington, DC  20005<br>202.289.8400 |

**1434742.1**