UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 )<br>TRUSTEE FOR ATG, INC. AND )<br>CATALYTICS LLC )<br>   )<br>             Plaintiff, )<br>v.                                            )    C.A. No. 05-10077-RGS<br>   )<br>EPSTEIN BECKER & GREEN, P.C. )<br>JOHN PRESTON, CHRISTOPHER NAGEL, )<br>EUGENE BERMAN, ETHAN JACKS, )<br>QUANTUM CATALYTICS LLC, ABC )<br>CORPS 1 through 5 and JOHN DOES )<br>1 through 5, )<br>   )<br>             Defendants. ) | |

### RENEWED MOTION TO DISMISS OF DEFENDANTS QUANTUM CATALYTICS, LLC, JOHN PRESTON, AND CHRISTOPHER NAGEL

**Defendants John Preston, Christopher Nagel, and Quantum Catalytics LLC** (collectively, the "Quantum Defendants") will and hereby do respectfully move the court, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Complaint for failure to state a claim upon which relief can be granted. As set forth more fully in the Memorandum of Points and Authorities filed concurrently herewith in support of this Motion, the Quantum Defendants state in support of this Motion as follows:

1.      The Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b), for failing to plead fraud and misrepresentation with particularity. The Complaint asserts a litany of vague allegations relating to a purported misrepresentation made by Defendants but fails to provide any detail as to which defendant made the alleged misrepresentation, when the alleged misrepresentation was made, or even the specific content of the alleged misrepresentation.

-2-

2.      In addition, the Court should dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted because Plaintiff has failed to allege any set of facts which entitles Plaintiff to relief.  The Complaint vaguely alleges that the Quantum Defendants made misrepresentations in conjunction with ATG's and Quantum's purchase of certain assets from the bankruptcy estate of Molten Metal Technology, Inc. and its affiliated subsidiaries ("MMT") but fails to allege that the Quantum Defendant made a knowing or negligent misrepresentation or that Plaintiffs had any reasonable basis for its reliance on any such alleged misrepresentation.

3.      The Court also should dismiss the claims asserted against the Quantum Defendants because those claims are barred by the applicable statute of limitations, which, at most, is three years.  The Complaint alleges that the Quantum Defendants made misrepresentations in 1998 in conjunction with the ATG Catalytics' purchase of CEP assets from the MMT trustee in bankruptcy.  Plaintiff's claims against the Quantum Defendants, however, accrued five years ago – well outside the applicable statute of limitations period.

WHEREFORE, the Quantum Defendants respectfully request that the Court dismiss the Complaint with prejudice, grant Quantum Defendants all costs and expenses associated with the defense of this action, including reasonable attorney's fees, and for such other relief as the Court deems just and proper.

Dated:  June 2, 2005

Respectfully submitted,
DEFENDANTS QUANTUM CATALYTICS LLC, JOHN PRESTON, and CHRISTOPHER NAGEL
By their attorneys,

/s/ Nancy E. Maroney
Joseph S. Ayoub, Jr. (BBO #024900)
Nancy E. Maroney (BBO# 652324)
NUTTER MCCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA  02210
T. (617) 439-2000
F. (617) 310-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by U.S. mail upon the attorney of record for each party who did not receive electronic service of this document.

/s/ Nancy E. Maroney
Nancy E. Maroney

Dated:  June 2, 2005

1433803.1