UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT I. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C.,** <br><br> Plaintiffs, <br><br> vs. <br><br> **EPSTEIN BECKER & GREEN, P.C., JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5,** <br><br> Defendants. | C.A. No. 05-10077-RGS <br><br><br><br><br><br><br><br><br><br><br><br> June 27, 2005 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION
TO DISMISS OF DEFENDANTS EUGENE BERMAN AND ETHAN JACKS**

The Plaintiffs, Robert I. Hanfling, Chapter 7[1] Trustee of ATG, Inc. ("ATG") and Robert I. Hanfling, Chapter 7 Trustee of ATG Catalytics, L.L.C. ("ATG Catalytics" and jointly with ATG, the "Plaintiffs"), by their attorneys, hereby submit this Memorandum in Opposition to the Joint Motion (the "Motion") of Defendants Eugene Berman ("Berman") and Ethan Jacks ("Jacks) to Count II of the Plaintiffs' Complaint (the "Complaint") and supporting Memorandum and Points of Authorities (the "Defendants Memorandum") filed by defendants

---

[1] At the time this case was commenced, ATG, Inc. and ATG Catalytics, L.L.C., a wholly owned subsidiary of ATG, Inc., were debtors under chapter 11 of the Bankruptcy Code. Robert I. Hanfling was the duly-appointed chapter 11 Trustee for ATG, Inc. and acted as chief executive officer of ATG Catalytics, L.L.C. and two other wholly-owned subsidiaries of ATG, Inc., each of which was a debtor-in-possession in separate chapter 11 proceedings. On April 27, 2004, the Bankruptcy Court entered an Order converting the bankruptcy cases of each of ATG, Inc. and ATG Catalytics, L.L.C. (and the other two wholly-owned subsidiaries, which are not relevant to the instant proceeding) to cases under chapter 7 of the Bankruptcy Code. In connection therewith, Robert I. Hanfling was appointed chapter 7 trustee of ATG, Inc. and ATG Catalytics, L.L.C.

Berman and Jacks, in the above captioned proceeding pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Berman and Jacks jointly move pursuant to Rule 12(b)(6) to dismiss the Second Count (fraud/misrepresentation) of the Complaint on the grounds that the Complaint fails to allege facts that, if proven, would constitute fraud and misrepresentation on the part of Berman and Jacks. Specifically, Berman and Jacks assert that the Count II is not plead with sufficient particularity to satisfy the requirements of Fed. R. Civ. P. 9(b).

### LAW AND ARGUMENT

I.     APPLICABLE LEGAL STANDARDS.

   A.     **Standard under Fed. R. Civ. P. 12(b)(6)**

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material factual allegations in the complaint and indulge all reasonable inferences in the plaintiff's favor. *Calderon-Ortiz v. Laboy-Alvorado*, 300 F.3d 60, 62-3 (1st Cir. 2002); *S.E.C. v. SG Ltd.*, 265 F.3d 42, 46 (1st Cir. 2001); *Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mort. Finance Corp.*, 246 F.3d 1, 4-5 (1st Cir. 2001). Dismissal under Rule 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery. *S.E.C. vs. SG Ltd.*, 265 F.3d at 46; *Blacksmith Investments, LLC v. Cives Steel Co., Inc.*, 228 F.R.D. 66, 71 (D. Mass 2005). Ordinarily, a court may not consider material beyond that found in the complaint itself when adjudicating a 12(b)(6) motion, unless the motion is converted into one for summary judgment. *Alternative Energy v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001). A "narrow exception" exists "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993).

### B.   Standard under Fed. R. Civ. P. 9(b)

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). What constitutes particularity for purposes of Rule 9(b) "necessarily differ[s] with the facts of each case…." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 2004 WL 2297150 (5th Cir. (Tex.)). Accordingly, courts generally have not articulated the requirements of Rule 9(b) in great detail. *Id.* The primary purpose of Rule 9(b)'s particularity requirements is to "provide a defendant with fair notice of a plaintiff's claim …." *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997).

Moreover, Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Fed. R. Civ. P. 8(a) and, therefore, Rule 9(b)'s more stringent pleading requirements should not be extended to causes of action not specified therein. *Swierkiewicz v. Sorema N.A,* 534 U.S. 506, 513 (2002) ("This Court, however, has declined to extend [Rule 9(b)'s] exceptions to other contexts."); *Leatherman v. Tarrant County,* 507 U.S. 163, 168 (1993) (indicating that the doctrine of *expressio unius est exclusio alterius* operates to prevent courts from expanding Rule 9(b)'s stringent pleading requirements to other causes of action); *see also* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1297 ("Since [Rule 9(b)] is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses.").

## II.   PLAINTIFFS HAVE STATED CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

### A.   The Complaint Pleads Count II With Sufficient Particularity

   *1.   Count II (Fraudulent Misrepresentation) Satisfies the Particularity Requirements of Rule 9(b).*

Plaintiffs respectfully submit that Count II of the Complaint meets the pleading requirements established by Federal Rule of Civil Procedure 9(b). As stated above, the overall

purpose of Rule 9(b) is to provide defendants with adequate notice of the plaintiff's claims. Here, there can be no dispute that the Complaint provides Berman and Jacks with sufficient notice to enable them to prepare their answer and defenses in this case. For instance, the Complaint alleges that the Q-CEP facility was highly flawed and unsafe to operate and, more specifically, that "a bi-product from operation of the [Q-CEP] was a chemical compound known as Dioxin, an extremely toxic and difficult to dispose chemical that typically results from burning chlorine-based chemical compounds with hydrocarbons." Complaint ¶ 23. The Complaint further specifically alleges that the Quantum Defendant Nagel received a letter on behalf of Garnet Earl McConchie from the law firm of Dwyer & Collora on or about March 25, 1998 (the "McConchie Letter") and that such letter set forth at length the flaws in the Q-CEP technology and the malfeasance and misfeasance of, *inter alia,* the Quantum Defendant Nagel and other persons identified in the McConchie Letter. Complaint ¶ 26. A copy of the McConchie Letter is attached is attached as Exhibit "B" to the Plaintiffs' Memorandum in Response to the Motion to Dismiss of the Quantum Defendants and incorporated herein by reference. The Complaint further specifically alleges that the individual defendants, including defendants Berman and Jacks, had actual knowledge of the Q-CEP defects and hazards. Complaint ¶¶ 27, 52.

Notwithstanding each of the defendants' knowledge of the deficiencies surrounding the Q-CEP system, the Complaint alleges that the individual defendants, including defendants Berman and Jacks, made representations to ATG and its representatives during the course of negotiations and due diligence in late 1998 (i) regarding the efficacy of the Q-CEP technology and (ii) that the Q-CEP technology was operational, safe, effective and had significant value. Complaint ¶¶ 33-35. The Complaint further alleges that the individual defendants, including

defendants Berman and Jacks, failed to disclose such defects to ATG notwithstanding their duty to do so. *See* Complaint ¶¶ 27, 52-55. The Complaint further alleges that the individual defendants, including defendants Berman and Jacks, provided materially false and misleading financial information to ATG during the course of negotiations and due diligence in late 1998 concerning the value of the Q-CEP operations. Complaint ¶¶ 33, 34, 53. While the Complaint does not identify the exact, precise statements uttered by the Defendants to ATG which constitute fraud and misrepresentation, the substance of the statements is obvious and can come as no surprise to the defendants: that the Q-CEP system worked as it was intended to work, and that is was safe and effective, none of which were true.

Moreover the Complaint refers to events that occurred during a discrete time period. MMT's bankruptcy Trustee was appointed on August 24, 1998[2]. The Complaint alleges that MMT's Trustee undertook to sell off operational assets of MMT, that the individual defendants, including Berman and Jacks, made certain representations to ATG regarding the efficacy of the Q-CEP system, that ATG acquired the assets from MMT on or about December 1, 1998. Complaint, ¶30, 33, and 40. Thus, the Complaint alleges conduct that occurred over a period beginning no earlier than August 24, 1998 and ending no later than December 1, 1998, slightly longer than three months.

Taken together, the allegations set forth in the Complaint provide defendants Berman and Jacks with fair notice of the claims asserted by Plaintiffs in all regards, and sufficiently meet or exceed the pleading requirements of Rule 9(b). Accordingly, Berman's and Jack's assertions that Count II was not plead in accordance with Rule 9(b) is clearly not supported by the facts and must be rejected by the Court.

---

[2] See official record, In re MMT, Case No. 97-21385, *doc. no*. 355 dated August 24, 1998.

      *2.*    *If the Court Finds that Count II Does Not Satisfy Rule 9(b)'s Standards, Justice Requires that the Court Grant Plaintiff Leave to Amend to Replead.*

In the event that the Court finds that Plaintiffs' claim for fraudulent misrepresentation as alleged in Count II of the Complaint does not satisfy the pleading requirement of Rule 9(b), it is well-settled that Plaintiffs should be granted leave to amend the Complaint, rather than dismissal of the Complaint.  *See, e.g., New England Data Servs., Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987) (holding that a dismissal should not be automatic once a court determines that Rule 9(b) was not satisfied); *Learning Express, Inc. v. Ray-Matt Enterprises, Inc.*, 74 F. Supp. 2d 79 (D. Mass. 1999); *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263 (D.R.I. 2000) (granting leave to amend despite fact that it was plaintiff's second attempt at drafting viable complaint); *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 667 2004 WL 2297150 (5th Cir. (Tex.)) (noting that "district court held that plaintiffs' original complaint did not plead fraud with the particularity required by Rule 9(b) but allowed plaintiffs 'leave to replead their claims against [defendant]' because it was 'mindful of the well-settled principle that dismissal should be avoided until the plaintiffs have been afforded an opportunity to file an amended complaint'"); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1300.

Accordingly, should the Court be inclined to grant Berman's and Jack's Motion to Dismiss on this ground, the Plaintiffs hereby request that the Court first grant Plaintiffs sufficient time to file an amended complaint and conduct discovery regarding the Defendants' misrepresentations.  To the extent that the Court finds that Count II does not satisfy 9(b), Plaintiffs respectfully submit that if they are allowed an opportunity to replead, they will be able to satisfy Rule 9(b).

## **CONCLUSION**

For the forgoing reasons, the Court should deny Berman's and Jack's Motion to Dismiss in its entirety and grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated:   June 27, 2005

                THE PLAINTIFFS,
                By their attorneys,


                By: /s/ David Himelfarb

                GADSBY HANNAH LLP
                William A. Zucker, BBO# 541240
                wzucker@ghlaw.com
                David Himelfarb, BBO# 649596
                225 Franklin Street
                Boston, MA 02110
                (617) 345-7000

                *Of Counsel*:
                JACOBS PARTNERS LLC
                Mark R. Jacobs
                Leslie L. Lane
                Robert M. Fleischer
                Merritt View
                383 Main Avenue
                Norwalk, Connecticut 06851
                Phone: (203) 846-6622
                Fax: (203) 846-6621

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS QUANTUM CATALYTICS, LLC, JOHN PRESTON AND CHRISTOPHER NAGLE was sent, by first class mail, postage prepaid, on this 27th day of June, 2005, upon the following:

Paula M. Bagger, Esq.
Marjorie S. Cooke, Esq.
Nancy Maroney, Esq.
Cooke, Clancy & Gruenthal LLP
265 Franklin Street
Boston, MA 02110
*Fax: 617-428-6868*

Joseph S. Ayoub, Jr., Esq.
Nutter, McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
*Fax: 617-310-9771*

John P. Coyle, Esq.
John R. Stickman, Esq.
Duncan & Allen
1575 Eye Street NW, Suite 300
Washington, DC 20005
Phone: 202-289-8400
Fax: 202-289-8450

                         By: /s/ Robert M. Fleischer_____
                              Robert M. Fleischer, Esq.