UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT I. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 05-10077-RGS |

## REPLY OF DEFENDANTS BERMAN AND JACKS TO PLAINTIFFS' OPPOSITION TO THEIR JOINT MOTION TO DISMISS COUNT II OF COMPLAINT

Defendants Eugene Berman and Ethan Jacks ("Defendants Berman and Jacks"), by and through undersigned counsel, submit this Reply to Plaintiffs' Opposition to Motion to Dismiss Count II of the complaint of the Plaintiff, Robert I. Hanfling, Chapter 7 Trustee for ATG, Inc., and for ATG Catalytics L.L.C.   This reply is submitted pursuant to Section I of the Joint Pretrial Statement presented to the Court at the pretrial conference held on June 6, 2005.

### BACKGROUND

In his Opposition to Motion to Dismiss Count II against Defendants Berman and Jacks, Plaintiff contends that he pleaded Count II (Fraudulent Misrepresentation) with sufficient particularity to satisfy the heightened pleading requirements of Federal Rules of Civil Procedure 9(b).  Plaintiff further requests that the Court grant him leave to amend the complaint if the Court finds that Count II fails to satisfy the heightened pleading requirements of Federal Rule of Civil

Procedure 9(b) ("... in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity").

## ARGUMENT

**A.  Standard for Motion to Dismiss**

Plaintiff suggests that Rule 9(b)'s heightened pleading standards somehow should not apply to Count II of his complaint, which asserts a claim entitled "Fraud, Misrepresentation," and that Rule 9(b)'s requirements that Rule 9(b) "not be extended to causes of action not specified therein" (Plaintiff's Opposition at 3). This argument is misconceived. The law of this Circuit is hat claims of both fraud and misrepresentation are subject to Rule 9(b) pleading requirements. As the Court observed in *Rodi v. Southern New England School of Law*, 389 F.3d 5, 15 (1st Cir. 2004)[1] (emphasis added):

> For the most part, a civil complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' For that reason, 'great specificity is ordinarily not required to survive a Rule 12(b)(6) motion.' That proposition, however, is not universally applicable. 'Cases alleging fraud -- and for this purpose, *misrepresentation is considered a species of fraud* -- constitute an exception to [it].' That exception, codified in Fed. R. Civ. P. 9(b), requires that fraud be alleged with particularity.

**B.  Count II of the Complaint Should be Dismissed for Failure to Plead With Sufficient Particularity**

The Court should dismiss Count II against Defendants Berman and Jacks because Plaintiffs have failed to satisfy Rule 9(b)'s heightened standard of pleading, that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs have failed to specify "in the pleader's complaint the time, place,

---

[1]  *Accord: Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004).

and content of the alleged false or fraudulent representations" as required by Rule 9(b). *Alternative Sys. Concepts*, *supra,* 374 F.3d at 29 (stating that in cases alleging fraud, "the pleader usually is expected to specify the who, what, where, and when of the allegedly false or fraudulent representation"); *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991) (Rule 9(b) "entails specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations").

A complaint alleging fraud or misrepresentation must "specify the statements that the plaintiff contends were fraudulent" in order to satisfy the Rule 9(b) "particularity" requirement. *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997) (quoting *Shields v. Citytrust Bancorp Inc.*, 25 F.3d 1124, 1127-28 (2nd Cir. 1994)). Plaintiff has failed entirely to meet this requirement. Indeed, he has no choice but to acknowledge (Plaintiff's Opposition at 5) that "the Complaint does not identify the exact, precise statements uttered by the Defendants to ATG which constitute fraud and misrepresentation." Plaintiff's mere assertion that "the substance of the statements is obvious . . . that the Q-CEP system worked as it was intended to work, and that it was safe and effective" (*id*) patently fails to comply with Rule 9(b). *Suna*, *supra*, 107 F.3d at 68.

Additionally, Plaintiff's assertion that the "substance of the statements is obvious" without specifying the allegedly fraudulent statement asks the Court to read into the complaint unpled facts. This "entreaty flies in the face of the jurisprudence of Rule 12(b)(6)" and should be rejected. *Powers*, 926 F.2d at 111. Defendants Berman and Jacks should not be made to assume the existence of statements that Plaintiff is unable to identify, notwithstanding his obligation under Rule 9(b)'s heightened pleading standard to do so. Count II of the complaint should be dismissed as to Defendants Berman and Jacks.

C.   **Plaintiffs' Request for Leave to Amend Count II**

Plaintiff requests that the Court grant him leave to amend and replead Count II of the complaint should the Court conclude that Count II fails to satisfy Rule 9(b)'s particularity requirement.  Defendants Berman and Jacks do not in principle oppose Plaintiffs' request, but request in turn that the Court place reasonable bounds on any attempt to replead.  Specifically, should the Court grant leave to amend and replead Count II of the complaint, Defendants Berman and Jacks request that the Court (1) specify that any amended complaint should be filed and served within thirty days of the Court's ruling on this motion upon Defendants, and (2) provide that further failure to comply with Rule 9(b) in any amended complaint that Plaintiff may attempt to file as to Berman and Jacks will result in dismissal of the relevant cause of action with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants Berman and Jacks respectfully request that this Court dismiss Count II of the complaint without prejudice, provided further, that any attempt to replead the allegations in Count II be subject to a date set by the Court.

Dated at Washington, D.C., this 11th day of July, 2005.

Respectfully submitted,

DUNCAN & ALLEN
Counsel for Defendants
Eugene Berman and Ethan Jacks

/s/ John P. Coyle
John P. Coyle (BBO # 103530)
Jon R. Stickman (*Pro Hac Vice*)
Duncan & Allen
Suite 300
1575 Eye Street, N.W.
Washington, D.C.  20005-1175
Telephone:  (202) 289-8400
Facsimile:  (202) 289-8450

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that one copy of the foregoing REPLY OF DEFENDANTS BERMAN AND JACKS TO PLAINTIFF'S OPPOSITION TO THEIR JOINT MOTION TO DISMISS COUNT II OF THE COMPLAINT has this day been served by first class United States mail, postage prepaid, upon the following:

Marjorie S. Cooke, Esq.
Paula M. Bagger, Esq.
Cooke, Clancy & Gruenthal LLP
265 Franklin Street
Boston, Massachusetts  02110
Facsimile:  (617) 428-6868

Mark R. Jacobs, Esq.
Leslie L. Lane, Esq.
Robert M. Fleischer, Esq.
Jacobs Partners, LLC
Merrot View
383 Main Avenue
Norwalk, Connecticut  06851
Facsimile:  (203) 846-6621

Joseph S. Ayoub, Jr., Esq.
Nancy Maroney, Esq.
Nutter, McLennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts  02210-2604
Facsimile:  (617) 310-9771

William A. Zucker, Esq.
David Himelfarb, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, Massachusetts  02110
Facsimile:  (617) 204-8055

/s/ John P. Coyle
John P. Coyle
Duncan & Allen
Suite 300
1575 Eye Street, N.W.
Washington, D.C.  20005-1175

Dated at Washington, D.C.
this 11th day of July, 2005.