UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 ) <br> TRUSTEE FOR ATG, INC. AND ) <br> CATALYTICS LLC ) <br> ) <br>                    **Plaintiff,** ) <br> v. ) <br> ) <br> EPSTEIN BECKER & GREEN, P.C. ) <br> JOHN PRESTON, CHRISTOPHER NAGEL, ) <br> EUGENE BERMAN, ETHAN JACKS, ) <br> QUANTUM CATALYTICS LLC, ABC ) <br> CORPS 1 through 5 and JOHN DOES ) <br> 1 through 5, ) <br> ) <br>                    **Defendants.** ) | C.A. No. 05-10077-RGS |

**MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION OF DEFENDANTS JOHN PRESTON,
CHRISTOPHER NAGEL, AND QUANTUM CATALYTICS LLC**

Defendants Quantum Catalytics LLC ("Quantum"), John Preston and Christopher Nagel ("Defendants") respectfully submit this motion for reconsideration of so much of the order entered by this Court on August 19, 2003 (the "August 19 Order") as denied Defendants motion for dismissing, on 12(b)(6) grounds, Count III of plaintiff's complaint.

**BACKGROUND**

On August 19, after oral argument, this Court dismissed Count II of the Plaintiff's complaint, alleging fraud, and allowed plaintiff thirty days to re-plead. At the same time, this Court denied Defendants' motion to dismiss Count III, alleging negligent misrepresentation, with the caveat that it may re-evaluate its ruling on Count III based upon a close examination of the anticipated amended complaint. In addition, along with other grounds for dismissal against it, Defendant Quantum raised the issue in its papers that the Complaint contained no allegations specific to it. This issue was also addressed by this Court at oral argument, noting

- 1 -

the lack of any allegations specific to Quantum, but there was no dismissal of Quantum from the entire case at that time.[1]

Nearing the due date for its amended complaint, on September 16, Plaintiff wrote a letter to this court stating that they would simply opt not to re-plead Count II and would not file an amended complaint. Plaintiff's strategy to avoid the potential re-examination of their complaint as a whole should not be rewarded. Indeed, by taking this approach, Plaintiff has failed to respond to this Court's express interest in reviewing an Amended Complaint as a whole and possibly re-evaluating the merits of Count III.

Further, by failing to amend its complaint, Plaintiffs have assumed that they can now proceed with Count III against Quantum, although they have failed to assert any basis for liability against it. For these reasons, Defendants move that this Court reconsider dismissing Count III on the grounds that it fails to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). Defendant Quantum further moves this Court to dismiss it from this case on the additional grounds that the Complaint fails to assert <u>any</u> claims against it.

## ARGUMENT

**I.     This Court Should Dismiss Count III For Failing to Meet the Pleading Standard**

The Motion to Dismiss and Reply Brief set forth in some detail why the heightened pleading standard of Fed. R. Civ. P. 9(b) should apply to plaintiff's negligent misrepresentation claims as alleged in Count III of the Complaint and are incorporated herein by reference. To briefly summarize, Plaintiff's negligent misrepresentation claim against Defendants is based on the same affirmative misrepresentations they allege were false in

---

[1] Defendants understand that the lack of dismissal of Quantum at that time was due to fact that plaintiffs would be allowed to re-plead.

support of their claim for fraud. Plaintiffs' Opposition states: "[t]he Complaint alleges more than sufficient facts to fairly apprise the Quantum Defendants of the bases for the Plaintiffs' claim for negligent misrepresentation ... [it] specifically alleges that the defendants made certain representations to ATG regarding the efficacy of the Q-CEP system," Opposition, p. 14 (citing to Compl., ¶¶ 33, 34, and 53). According to the Complaint, these "certain representations" were "false and misleading." Compl. ¶55. Rule 9(b)'s heightened pleading standard applies where the negligent misrepresentation claim sounds in fraud as it does in this case. See, e.g., Penniston v. Brown & Williamson Tobacco Corp., No. 99-CV-10628, 2000 WL 1585609 at *5 (June 15, 2000) (dismissing negligent misrepresentation claim under Rule 9(b) to the extent the negligent misrepresentation involved affirmative misrepresentations or fraud); Blacksmith Investments, LLC, No. 04-10369NG, 2005 WL 1038943, at *6 (D. Mass. March 16, 2005) (holding that Rule 9(b) "applies to claims of misrepresentation, as well as those labeled 'fraud'").

  After oral argument, this Court dismissed the fraudulent misrepresentation claim for failing to meet the heightened pleading standard. Among other things, Plaintiff's complaint clearly did not provide the who, what, where and when in support of their allegation Defendants made false misrepresentations. Further, as Defendants previously indicated, the negligent misrepresentation claim does not make sense given the fact that pursuant to the December 1, 1998 purchase agreement that is that subject of this Complaint, Defendants purchased only assets Plaintiff now claims to have been flawed, while Plaintiff purchased a combination of assets, some of which included "flawed" assets and some of which did not. If Defendants had access to information that the assets they purchased were flawed, there is no reason they would have purchased them. Since the Plaintiff has now elected not to re-plead the

fraud claim, the Defendants are still completely in the dark as to the who, what, where and when concerning these alleged affirmative misrepresentations. Plaintiff apparently plans to embark on a fishing expedition by using discovery in this civil action in an attempt to identify a factual basis for its claims. Therefore, Defendants request that this Court now dismiss the negligent misrepresentation claim for also failing to meet the heightened pleading standard.

**II.    Quantum Catalytics Should Be dismissed from this Case entirely as their is no Cognizable Theory of Liability Alleged Against It**

Although a named defendant in the caption, there are no counts asserted against Quantum and therefore it should be dismissed from this case entirely. The Complaint specifically addresses Count I to Epstein Becker & Green, P.C., and Counts II and III to the Individual Defendants. There are no counts alleged against Quantum. Further, this Court raised the issue at oral argument and plaintiff now has had opportunity to set forth a factual bases for finding liability against Quantum. Plaintiff has elected not to do so. Quantum therefore respectfully requests that it be dismissed from this case with prejudice.

- 5 -

## CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that the Court grant its motion for reconsideration and dismiss Count III of the Complaint with prejudice as to John Preston, Christopher Nagel, and Quantum Catalytics LLC.

Dated:  September 21, 2005

                                       Respectfully submitted,

DEFENDANTS QUANTUM CATALYTICS LLC, JOHN PRESTON, and CHRISTOPHER NAGEL

By their attorneys,

 //Joseph S. Ayoub, Jr.//
Joseph S. Ayoub, Jr. (BBO #024900)
Nancy E. Maroney (BBO# 652324)
NUTTER MCCLENNEN & FISH, LLP
155 Seaport Boulevard
Boston, MA  02210
T. (617) 439-2000
F. (617) 310-9000

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by U.S. mail upon the attorney of record for each party who did not receive electronic service of this document.

Dated: September 21, 2005                      //Nancy E. Maroney//

1463767.1