UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT I. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> EPSTEIN BECKER & GREEN, P.C., JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5, <br><br> Defendants. | C.A. No. 05-10077-RGS |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
MOTION FOR RECONSIDERATION TO DISMISS OF DEFENDANTS
JOHN PRESTON, CHRISTOPHER NAGEL AND QUANTUM CATALYTICS, LLC**

The Plaintiffs, Robert I. Hanfling, Chapter 7 Trustee of ATG, Inc. ("ATG") and Robert I. Hanfling, Chapter 7 Trustee of ATG Catalytics, L.L.C. ("ATG Catalytics" and jointly with ATG, the "Plaintiffs"), by their attorneys, Jacobs Partners LLC, hereby submit this memorandum in opposition to the motion for reconsideration and supporting memorandum (the "Motion For Reconsideration") filed by defendants Quantum Catalytics, LLC ("Quantum"), John Preston ("Preston") and Christopher Nagel ("Nagel", and together with Quantum and Preston, the "Quantum Defendants"). In support whereof, the Plaintiffs respectfully represent as follows:

**PRELIMINARY STATEMENT**

The Plaintiff's commenced this action on or about December 3, 2003 by the filing of a adversary complaint (the "Complaint") with the United States Bankruptcy Court for the Northern District of California.

On June 2, 2005, the Quantum Defendants filed an Amended Motion to Dismiss the Plaintiffs' Complaint (*doc. no. 23*) together with an Amended Memorandum in Support of Motion to Dismiss the Plaintiff's Complaint (*doc. no. 24*) (said motion and memorandum jointly the "Motion to Dismiss"). These filings related to a motion to dismiss the Complant in this action previously filed by the Quantum Defendants with the United States District Court for the Northern District of California prior to the transfer of this case to this Court. In accordance with a briefing schedule established by order of this Court entered on June 6, 2005, the Plaintiffs filed a memorandum in opposition (the "Memorandum in Opposition") to the Motion to Dismiss on June 27, 2005 (*doc. no. 31*), and the Quantum Defendants filed a reply memorandum (the "Reply Memorandum") on July 11, 2005 (*doc. no. 34*).

On August 19, 2005, the Court conducted a hearing on, *inter alia*, the Quantum Defendant's Motion to Dismiss. During the hearing, the Court granted the Motion to Dismiss as to Count II of the Complaint (Fraudulent Misrepresentation) but denied the Motion to Dismiss as to Count III of the Complaint (Negligent Misrepresentation).

As part of the Court's ruling on August 19, 2005, the Plaintiffs were permitted thirty (30) days to file an amended Complaint to re-plead Count II with the requisite specificity required by Fed.R.Civ. P. 9(b). On September 16, 2005, the Plaintiff's notified the Court and all counsel of record, by letter docketed with the Court (*doc. no. 40*), that the Plaintiffs would no re-plead Count II, but rather, would go forward against the Quantum Defendants on Count III.

On September 21, The Quantum Defendants filed the Motion for Reconsideration (*doc. no. 41*) together with a Memorandum in Support of their Motion for Reconsideration (*doc. no. 42*) (said motion and memorandum collectively referred to as the "Motion for Reconsideration"). In their Motion for Reconsideration, the Quantum Defendants assert that (1) the requirement imposed under Federal Rule of Civil Procedure 9(b) to plead fraud with specificity applies to claims for negligent misrepresentation; and (2) the Complaint should be dismissed as to Quantum Catalytics ("Quantum") because none of the counts of the Complaint are directed to Quantum. For the reasons stated below, the Court should deny the Motion for Reconsideration.

**LAW AND ARGUMENT**

I. APPLICABLE LEGAL STANDARDS.

The Plaintiff's refer the Court to the Memorandum in Opposition (*doc. no. 31*) for a recitation of the applicable standards related to Fed. R. Civ. P. 12(b)(6), 8(e)(1) and 9(b). *See* Memorandum in Opposition, pp. 5-6, 14.

II. NEGLIGENT MISREPRESENATION CLAIMS ARE NOT SUBJECT TO RULE 9(b)'s HEIGHTENED PLEADING REQUIRMENTS.

The Plaintiffs previously addressed this issue fully in their Opposing Memorandum. As we stated therein, the First Circuit, in Massachusetts School of Law at Andover, Inc. vs. American Bar Assoc., 142 F.3d 26, 41 (1st Cir. 1998), made it abundantly clear that Rule 9(b) is not applicable claims for negligent misrepresentation. See Opposing Memorandum, discussion beginning at page 10.

The Quantum Defendants cite two decisions of the District Court for the District of Massachusetts (*Penniston v. Brown & Williamson Tobacco Corp.*, 2000 WL 1585609 (D. Mass. 2000) and *Blacksmith Investments, LLC v. Cvies Steel Co., Inc.*, 228 F.R.D. 66 (D. Mass. 2005)) in their Motion for Reconsideration to support their assertion that the heightened pleading requirements of Rule 9(b) apply to negligent misrepresentation claims. Both cases were cited by the Quantum Defendants in their Reply Memorandum.

In *Penniston*, this Court examined certain misrepresentation claims (arising from cigarette advertising) against the requirements of Rule 9(b). It is unclear from the decision whether the claims in issue were actually asserted as negligent misrepresentation or were more in the nature of fraud. In any event, the Court did not address the application of Rule 9(b) to negligent misrepresentation claims. *See* generally, *Penniston v. Brown & Williamson Tobacco Corp.*, 2000 WL 1585609).

3

In *Blacksmith Investments, LLC*, 228 F.R.D. 66, the district court dismissed a misrepresentation claim in accordance with Rule 9(b). However, the misrepresentation claim in that case was not a claim for negligence or negligent misrepresentation. Rather, as the court explicitly found, the count in question was actually a claim for fraud or deceit. *Blacksmith Investments, LLC*, 228 F.R.D. at 72. Again, the decision simply did not address the application of Rule 9(b) to a claim for negligent misrepresentation. *See Id.*, generally.

Neither *Penniston* nor *Blacksmith Investments, LLC* discuss or cite to the First Circuit's decision in *Massachusetts School of Law at Andover, Inc.* This suggests that the courts were either not aware of the First Circuit decision, or, more likely, did not regard the cases before them as concerning claims for negligent misrepresentation.

The Quantum Defendants would have this Court conclude that the claims asserted in Count II and Count III of the Complaint are indistinguishable for each other. In fact, Count II and Count III do assert distinct claims. In Count II (fraud), the Plaintiffs alleged intentional, affirmative misrepresentations by the individual defendants. *See* Plaintiff's Complaint, Count II. Conversely, in Count III (negligent misrepresentation), the Plaintiffs allege that the individual defendants failed to disclose certain material information when, due the specific circumstances, they were under a <u>duty</u> to do so. *See* Complaint, Count III.

The legal distinction between misrepresentation claims based upon fraud and upon negligence is underscored by the difference in the measure of damages available under each theory. Under Massachusetts law, damages for fraudulent misrepresentation are measured by the lost "benefit of the bargain," while damages for negligent misrepresentation are limited to out-of-pocket costs. *See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.,* 2002 WL

4

31875204, *27 (Mass.Super. 2002) (citing *GTE Prods. Corp. v. Broadway Elec. Supply Co.*, 42 Mass.App.Ct. 293, 296 (1997)).

As we have previously stated, the Plaintiff's negligent misrepresentation claim is not subject to the heightened pleading requirement of Rule 9(b), but the more simplified pleading standard imposed under Rule 8(a). The Plaintiff's Complaint provides the Quantum Defendants with more than sufficient information to give the Defendants fair notice of the Plaintiffs' negligent misrepresentation claim and the grounds upon which it rests. *See* Gree*nier v. Pace, Local No. 1188*, 201 F.Supp. 2d 172, 176 (D. Maine 2002) (*citing Swierkiewics v. Sorema N.A.*, 534 U.S. 506 (2002)).

The Quantum Defendants again, and inappropriately, urge the Court, to accept as true their factual contentions that the Quantum Defendants could not have committed fraud or misrepresentation because they too were acquiring interests in the assets that Plaintiff alleges were flawed. In this regard, the Defendants simply reiterate arguments previously submitted to the Court, present no new argument or factual assertions, and ignore entirely the well settled standards to be followed by the Court in determining a motion to dismiss under Rule 12(b)(6).

### III.  CLAIMS AGAINST QUANTUM CATALYTICS LLC .

Quantum requests dismissal of the Plaintiff's Complaint as to the claims asserted against defendant Quantum. Upon further investigation of this matter, the Plaintiffs now believe that Quantum has no assets of value. Consequently, the Plaintiffs now believe that they would ultimately derive from prosecution of this case against Quantum even if Plaintiffs were to obtain judgment in their favor. Consequently, the Plaintiffs will voluntarily withdraw this action as to defendant Quantum only.

**CONCLUSION**

For the forgoing reasons, the Court should deny the Quantum Defendants' Motion for Reconsideration and grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated:   Norwalk, Connecticut
         October 6, 2005

                                  THE PLAINTIFFS,
                                  By their attorneys,
                                  JACOBS PARTNERS LLC


By:   /s/ Robert M. Fleischer
     Mark R. Jacobs
     Leslie L. Lane
     Robert M. Fleischer
     Merritt View
     383 Main Avenue
     Norwalk, Connecticut 06851
     Phone: (203) 846-6622
     Fax: (203) 846-6621

     - and-

     GADSBY HANNAH LLP
     William A. Zucker, BBO# 541240
     wzucker@ghlaw.com
     225 Franklin Street
     Boston, MA 02110
     (617) 345-7000

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PLAINTIFFS' MEMORANDUM IN OPPOSITION TO FOR RECONSIDERATION OF DEFENDANTS, JOHN PRESTON, CHRISTOPHER NAGLE AND QUANTUM CATALYTICS, LLC was sent, by first class mail, postage prepaid, on this 6th day of October, 2005, upon the following:

Paula M. Bagger, Esq.
Marjorie S. Cooke, Esq.
Cooke, Clancy & Gruenthal LLP
265 Franklin Street
Boston, MA 02110
*Fax: 617-428-6868*

Joseph S. Ayoub, Jr., Esq.
Nancy Maroney, Esq.
Nutter, McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
*Fax: 617-310-9771*

John P. Coyle, Esq.
John R. Stickman, Esq.
Duncan & Allen
1575 Eye Street NW, Suite 300
Washington, DC 20005
Phone: 202-289-8400
Fax: 202-289-8450

By: _____
Robert M. Fleischer, Esq.