UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS LLC<br><br>                Plaintiffs,<br>v.<br><br>EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-10077-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JOHN PRESTON'S ANSWER TO
THE COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant John Preston answers the allegations contained in the numbered paragraphs of the Complaint of plaintiff Robert J. Hanfling, Chapter 11 Trustee for ATG, Inc. and ATG Catalytics LLC ("Plaintiffs") as follows:

1.    No answer is required to the allegations contained in paragraph 1 because they purport to state conclusions of law. To the extent a response is required, Preston denies the allegations.

**JURISDICTION AND VENUE**

2.    No answer is required to the allegations contained in paragraph 2 because they purport to state conclusions of law. To the extent a response is required, Preston denies the allegations.

-1-

3.      No answer is required to the allegations contained in paragraph 3 because they purport to state conclusions of law.  To the extent a response is required, Preston denies the allegations.

4.      No answer is required to the allegations contained in paragraph 4 because they purport to state conclusions of law.  To the extent a response is required, Preston denies the allegations.

## NATURE OF THIS ACTION

5.      No answer is required to the allegations contained in paragraph 5 because they purport to state conclusions of law.  To the extent a response is required, Preston denies the allegations.

## PARTIES

6.      Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.      Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      Preston admits that he is an individual and former member of the board of directors of MMT.  Except as expressly admitted, Preston denies the allegations contained in this paragraph.

10.     Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

12. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13. **Preston admits that Quantum is a Delaware LLC but is no longer a defendant in this action.**

14. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

15. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

## FACTUAL BACKGROUND

16. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

17. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

18. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

19. **Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.**

## MMT AND Q-CEP

20. **Preston admits, on information and belief, that MMT had a principal place of business in Waltham, Massachusetts and that it and its affiliates filed petitions for relief under chapter 11 of the Bankruptcy Code on December 3, 1997. Preston also admits, on information**

and belief, that Stephen S. Gray was appointed Chapter 11 trustee for MMT in or about August 1998. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

21. Preston admits, on information and belief, that prior to filing for bankruptcy in 1997, MMT was engaged in the business of hazardous waste disposal. Preston further admits that MMT and/or its affiliate operated a facility in Oak Ridge, Tennessee and that this facility utilized a form of a proprietary catalytic extraction processing technology referred to as Q-CEP or Quantum-CEP. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

22. Preston lacks knowledge or information sufficient to form a judgment as to what constitutes "significant" resources, however, admits that, on information and belief, MMT invested resources into the development of the CEP technology. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

23. Preston denies the allegations contained in this paragraph.

24. Preston denies the allegations contained in this paragraph.

25. Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as a result of the lack of specificity as to the term "MMT Litigation."

26. Preston admits that, on information and belief, Nagel received a letter from the law firm Dwyer & Collora LLP on behalf of Garnet Earl McConchie dated on or about March 25, 1998. The remaining allegations contained in paragraph 26 purport to characterize that document, which speaks for itself, and Preston refers to that document for its content.

27.     Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as a result of the lack of specificity as to the term "MMT Litigation."

28.     Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as a result of the lack of specificity as to the term "MMT Litigation."

## ATG'S PURCHASE OF Q-CEP

29.     Preston admits that he resigned as a member of the Board of Directors and/or the Board of Directors was dissolved. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

30.     Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

31.     Preston admits that he and Nagel, on behalf of Quantum Catalytics, sought to acquire certain assets of MMT. To the extent the allegations are directed to other defendants, Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

32.     Preston denies the allegations contained in this paragraph.

33.     Preston lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as a result of the lack of specificity as to the term "certain representations."

34.     Preston denies the allegations contained in this paragraph.

35.     In regard to the allegations set forth in the first sentence of paragraph 35, Preston denies the allegations. In regard to the allegations set forth in the second sentence of

paragraph 35, Preston lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

36.     Preston denies the allegations contained in this paragraph.

37.     Preston admits that Quantum and ATG submitted a joint bid proposal for MMT's Wet Waste Business and CEP Assets dated on or about November 13, 1998 (the "ATG/Quantum Bid"), whereby ATG would acquire MMT's Wet Waste Business and Quantum would acquire certain of MMT's CEP Assets. Preston further admits that the MMT Trustee accepted the ATG/Quantum Bid sometime thereafter. Further answering, Preston states that the final Order was amended by letter agreement dated December 1, 1998. Except as expressly admitted, Preston denies the remaining allegations contained in this paragraph.

38.     Preston admits that the United States Bankruptcy Court for the District of Massachusetts entered an order approving the sale of CEP technology and the Bear Creek Q-CEP facility pursuant to the ATG/Quantum Bid, which was amended per letter agreement dated December 1, 1998. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

39.     On information and belief, Preston admits that ATG retained EBG to represent it in the documentation and the acquisition of the MMT assets, including certain of the Q-CEP assets, from the MMT Trustee. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

40.     Preston admits that ATG Catalytics LLC only acquired certain of the Q-CEP Assets, including the Bear Creek Facility, pursuant to the Order entered by the United States Bankruptcy Court for the District of Massachusetts, as amended by letter agreement dated December 1, 1998. Preston further admits that ATG Inc. owned 90% of ATG Catalytics LLC

and Quantum Catalytics LLC owned 10% of ATG Catalytics LLC at the time ATG Catalytics LLC acquired the Bear Creek Facility. Except as expressly admitted, Preston denies the allegations contained in this paragraph.

41. Preston lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 41.

42. Preston denies the allegations contained in this paragraph.

43. Preston denies that EBG represented him prior to the December 1, 1998. With respect to the remaining allegations contained in this paragraph, Preston lacks knowledge or information sufficient to form a belief as to their truth.

## Count I

44. Preston incorporates his responses to the allegations contained in paragraphs 1 through 43 above as though set forth fully herein.

45-50. The allegations set forth in paragraphs 45-50 are directed to another defendant, and are not made against Preston, and therefore do not require a response from Preston.

## Count II

51. Preston incorporates his responses to the allegations contained in paragraphs 1 through 50 above as though set forth fully herein.

52-58. The allegations set forth in paragraphs 52-58 have been dismissed and therefore do not require a response from Preston.

## Count III

59. Preston incorporates his responses to the allegations contained in paragraphs 1 through 58 above as though set forth fully herein.

60. To the extent the allegations set forth in Paragraph 60 are directed to Preston, Preston denies the allegations.

61. To the extent the allegations set forth in Paragraph 61 are directed to Preston, Preston denies the allegations.

62. To the extent the allegations set forth in Paragraph 62 are directed to Preston, Preston denies the allegations.

63. To the extent the allegations set forth in Paragraph 63 are directed to Preston, Preston denies the allegations.

64. To the extent the allegations set forth in Paragraph 64 are directed to Preston, Preston denies the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims against Preston are barred by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiffs' claims against Preston are barred by the doctrines of waiver, estoppel or laches.

### Fourth Affirmative Defense

Plaintiffs have unclean hands.

### Fifth Affirmative Defense

Plaintiffs' claims as against Preston are barred because Preston had no duty to Plaintiffs.

### Sixth Affirmative Defense

Plaintiffs assumed the risk of the conduct, events and matters alleged in the Complaint and therefore are not entitled to damages, if any, by the risks Plaintiffs assumed.

### Seventh Affirmative Defense

Plaintiffs' damages, if any, are due to their own negligence.

### Eighth Affirmative Defense

Plaintiffs failed to mitigate damages, if any, and are therefore barred from recovery.

Dated: November 7, 2005                    DEFENDANT JOHN PRESTON
                                           By his attorneys,

                                           _____/s/ Nancy E. Maroney
                                           Joseph S. Ayoub, Jr. (BBO #024900)
                                           Nancy E. Maroney (BBO# 652324)
                                           NUTTER MCCLENNEN & FISH, LLP
                                           155 Seaport Boulevard
                                           Boston, MA  02210
                                           T. (617) 439-2000
                                           F. (617) 310-9000

-10-

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served by U.S. mail upon the attorney of record for each party.

                                    /s/ Nancy E. Maroney
                                    Nancy E. Maroney

**Dated: November 7, 2005**

1470923.1