UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 NOV 30 A 10: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS LLC )<br><br>Plaintiff, )<br>v. )<br>EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5, )<br><br>Defendants. ) | C.A. No. 05-10077-RGS |

*Allowed. R.M. Stearns DJ 11-6-05.*

## JOINT MOTION TO AMEND SCHEDULING ORDER TO PROVIDE FOR PHASED DISCOVERY

The parties to this action move jointly to amend the Scheduling Order entered on June 6, 2005 to provide for phased discovery. The parties believe that phased discovery offers an efficient and mutually agreeable way to focus upon a discrete set of issues that may be determinative of some or all of the claims herein as a matter of law and delay other burdensome document, deposition, and expert discovery unless it proves necessary to the disposition of the case. Because this Court's Local Rules empower the Court "to structure discovery activities by phasing and sequencing the topics which are the subject of discovery" in cases where such a procedure will "facilitate settlement and the efficient completion of discovery," the parties

- 1 -

therefore jointly request the Court to implement the plan for phased discovery that is appended hereto as Exhibit A.[1]

Under this plan for phased discovery, the first phase of discovery would exclude two sets of issues that are complicated and fact-intensive but may not be determinative of the case. These are: (i) technical issues regarding whether the CEP assets acquired from the bankruptcy estate of Molten Metal Technology, Inc. was in fact "operational, safe, effective, and profitable," and (ii) all damages issues. As set forth in Exhibit A, first-phase discovery issues would instead focus upon the events of the several months preceding the acquisition of these assets, including such as issues as:

   a.   The acquisition of assets of MMT from the MMT bankruptcy estate

   b.   Negotiations preceding such acquisition, including negotiations between ATG and Quantum Catalytics and negotiations between ATG/Quantum Catalytics and the MMT Trustee, including, but not limited to

        i.    statements made by all parties and any third parties about the proposed acquisition, the assets to be acquired, or the technology

        ii.   due diligence relative to the proposed acquisition

        iii.  the relationship between ATG and MMT and ATG familiarity with CEP and Q-CEP prior to MMT bankruptcy

        iv.   information available publicly with respect to MMT, its assets, or its technology

   c.   EBG's representation of ATG in connection with such acquisition, including the commencement and scope of that representation, the work performed, and communications between EBG and ATG

   d.   EBG's representation of MMT and/or its employees in any context through the date of closing of such acquisition, the commencement and scope of those

---

[1] The amended scheduling order also extends the various deadlines to allow the plaintiff additional time to gather, review, and produce documents responsive to the various defendants' requests for production of documents.

representations, the work performed, and communications between EBG and MMT and/or its employees (subject to any restrictions imposed by the attorney-client privilege)

e. Facts alleged by plaintiff to establish (1) duty on the part of Individual Defendants, and (2) breach of that duty, with respect to claims of negligent misrepresentation.

f. The extent of EBG's disclosures and/or communications to ATG regarding EBG's representation of MMT and/or its employees.

Defendants believe that the first-phase discovery provides the scope that is needed to allow them to determine whether a motion for summary judgment will dispose of the case. If the defendants have viable summary judgment motions, the additional discovery may become unnecessary. If they do not, the additional discovery is pursued, pursuant to the proposed amended scheduling order, on a separate timetable.

WHEREFORE, the parties request that their Joint Motion to Amend Scheduling Order to Provide for Phased Discovery be allowed.

| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. and CATALYTICS LLC | JOHN PRESTON and CHRISTOPHER NAGEL |
|---|---|
| By his attorney, | By their attorneys, |
| /s/ Robert M. Fleischer<br>Robert M. Fleischer<br>JACOBS PARTNERS, LLC<br>Merritt View<br>383 Main Avenue<br>Norwalk, CT 06851<br>203.846.6622 | /s/ Nancy E. Maroney<br>Joseph S. Ayoub (BBO #024900)<br>Nancy E. Maroney (BBO #652324)<br>NUTTER MCCLENNEN & FISH, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>617.439.2000 |

- 4 -

EPSTEIN BECKER & GREEN, P.C.

By its attorneys,

*/s/ Paula M. Bagger*
Marjorie Sommer Cooke (BBO # 097800)
Paula M. Bagger (BBO # 547763)
COOKE, CLANCY & GRUENTHAL
265 Franklin Street
Boston, MA  02110
617.428.6800

Dated:  November 30, 2005

ETHAN JACKS and EUGENE BERMAN

By his attorney,

*/s/ John P. Coyle*
John P. Coyle, Esq. (BBO # 103530)
DUNCAN & ALLEN
1575 Eye Street, NW
Suite 300
Washington, DC  20005
202.289.8400

**Revised Scheduling Order**

| Deadline | Description of Proposed Activity |
|---|---|
| 03/31/06 | Deadline for service of document responses and interrogatory answers and production of responsive documents on first-phase discovery topics, which are limited to the following issues/events:<br><br>a. The acquisition of assets of MMT from the MMT bankruptcy estate<br><br>b. Negotiations preceding such acquisition, including negotiations between ATG and Quantum Catalytics and negotiations between ATG/Quantum Catalytics and the MMT Trustee, including, but not limited to<br><br>   i. statements made by all parties and any third parties about the proposed acquisition, the assets to be acquired, or the technology<br><br>   ii. due diligence relative to the proposed acquisition<br><br>   iii. relationship between ATG and MMT and ATG familiarity with CEP and Q-CEP prior to MMT bankruptcy<br><br>   iv. information available publicly with respect to MMT, its assets, or its technology<br><br>c. EBG's representation of ATG in connection with such acquisition, including the commencement and scope of that representation, the work performed, and communications between EBG and ATG<br><br>d. EBG's representation of MMT and/or its employees in any context through the date of closing of such acquisition, the commencement and scope of those representations, the work performed, and communications between EBG and MMT and/or its employees (subject to any |

| | |
|---|---|
| | restrictions imposed by the attorney-client privilege) <br><br> e. Facts alleged by plaintiff to establish (1) duty on the part of Individual Defendants, and (2) breach of that duty, with respect to claims of negligent misrepresentation. <br><br> f. The extent of EBG's disclosures and/or communications to ATG regarding EBG's representation of MMT and/or its employees. |
| 04/30/06 | Deadline for responses to requests for admission and for depositions, both limited to the same issue areas. <br><br> Rule 30(b)(6) witnesses will be limited to the first-phase issues. <br><br> To the extent a witness called personally has knowledge of information relevant to both first-phase issues and issues reserved for later discovery, the party noticing the deposition may spend as much of the seven hours allowed him by Fed. R. Civ. P. 30(d) it wishes on first-phase discovery. Requests to extend any deposition beyond seven hours shall be governed by Fed. R. Civ. P. 30(d). |
| 05/15/06 | Summary Judgment Motions. <br><br> It is contemplated that one or more defendants will file summary judgment motions at this point. Should any party (plaintiff or defendant) file a motion for summary judgment, discovery would be stayed pending a decision on such motion. <br><br> Should no summary judgment motions be filed, the deadlines for second phase discovery events would be keyed to the date for filing summary judgment motions (instead of the date of a decision on summary judgment motions). |
| 06/15/06 | Oppositions to motions for summary judgment |

| | |
|---|---|
| 07/01/06 | Reply memoranda in support of summary judgment |
| Scheduled by Court | Hearing on summary judgment motions |
| Two months after decision on first-phase summary judgment (or 07/15/06 if no first-phase summary judgment motions) | Written discovery on second-phase fact discovery completed. Second-phase fact discovery will include any liability issues not addressed during the first phase and all damages discovery. |
| Four months after decision on summary judgment (or 09/15/06 if no first-phase summary judgment motions) | Depositions on second-phase fact discovery completed |
| Four months after decision on summary judgment (or 09/15/06 if no first-phase summary judgment motions) | Expert reports by party with burden of proof |
| Six months after decision on summary judgment (or 11/15/06 if no first-phase summary judgment motions) | Rebuttal expert reports |
| Seven months after decision on summary judgment (or 12/15/06 if no first-phase summary judgment motions | Expert depositions completed |
| One month after expert depositions completed | Second-phase Motions for Summary Judgment, if applicable |
| Four weeks after second-phase Motions for Summary Judgment filed | Oppositions to second-phase Motions for Summary Judgment |
| Two weeks after Oppositions to second-phase Motions for Summary Judgment filed | Reply Briefs in support of second-phase Motions for Summary Judgment |