UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS LLC<br><br>                Plaintiff,<br>v.<br><br>EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5,<br><br>                Defendants. | C.A. No. 05-10077-RGS |

**JOINT MOTION FOR ENTRY OF**
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

The parties to this action move jointly, pursuant to Fed. R. Civ. P. 26(c), for entry of the Confidentiality Stipulation and Protective Order appended hereto as Exhibit A. This Confidentiality Stipulation and Protective Order sets forth procedures, terms and conditions that will govern the disclosure and use of information otherwise protected by the attorney-client privilege, the attorney work-product doctrine, or Fed. R. Civ. P. 26(b)(3) that defendant Epstein Becker & Green, P.C. may need to disclose in discovery, in voluntary disclosures, or at the trial of this action. As noted in the Confidentiality Stipulation and Protective Order, it is expressly understood by the parties hereto that disclosure of information pursuant to the protections of this Confidentiality Stipulation and Protective Order is not intended to, and does not operate to, waive the attorney-client privilege, the attorney work-product protection, or any other protection otherwise applicable to the information so disclosed.

WHEREFORE, the parties jointly request that their motion be allowed and that the Court enter the Confidentiality Stipulation and Protective Order attached hereto as Exhibit A as an order of the Court.

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. and CATALYTICS LLC | JOHN PRESTON and CHRISTOPHER NAGEL |
| By his attorney, | By their attorneys, |
| ____/s/ Robert M. Fleischer_____ <br> Robert M. Fleischer <br> MORGENSTERN JACOBS & BLUE LLC <br> Merritt View <br> 383 Main Avenue <br> Norwalk, CT  06851 <br> 203.846.6622 | _____/s/ Nancy E. Maroney_____ <br> Joseph S. Ayoub (BBO # 024900) <br> Nancy E. Maroney  (BBO #652324) <br> NUTTER MCCLENNEN & FISH, LLP <br> 155 Seaport Boulevard <br> Boston, MA  02210 <br> 617.439.2000 |
| EPSTEIN BECKER & GREEN, P.C. | ETHAN JACKS and EUGENE BERMAN |
| By its attorneys, | By their attorneys, |
| _____/s/ Paula M. Bagger_____ <br> Marjorie Sommer Cooke (BBO # 097800) <br> Paula M. Bagger (BBO # 547703) <br> COOKE, CLANCY & GRUENTHAL <br> 265 Franklin Street <br> Boston, MA  02110 <br> 617.428.6800 | _____/s/ John P. Coyle_____ <br> John P. Coyle, Esq. (BBO # 103530) <br> DUNCAN & ALLEN <br> 1575 Eye Street, NW <br> Suite 300 <br> Washington, DC  20005 <br> 202.289.8400 |

Dated:  February 14, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS LLC<br><br>Plaintiff,<br><br>v.<br><br>EPSTEIN BECKER & GREEN, P.C. JOHN PRESTON, CHRISTOPHER NAGEL, EUGENE BERMAN, ETHAN JACKS, QUANTUM CATALYTICS LLC, ABC CORPS 1 through 5 and JOHN DOES 1 through 5,<br><br>Defendants. | C.A. No. 05-10077-RGS |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties to this action, by and through their respective attorneys, hereby stipulate to the entry of a PROTECTIVE ORDER on the following terms and conditions:

1. The undersigned parties recognize that the defense of certain claims asserted in this action may require defendant Epstein Becker & Green, P.C. ("EBG") to disclose information otherwise protected by the attorney-client privilege, the attorney work-product doctrine, or Fed. R. Civ. P. 26(b)(3). Therefore, the parties hereby stipulate and agree that the following procedures, terms and conditions will govern the disclosure and use of any such "Protected Information" (as further defined herein) that EBG may disclose in discovery, in voluntary disclosures, or at the trial of this action. It is expressly understood by the parties hereto that disclosure of information pursuant to the protections of this Confidentiality Stipulation and Protective Order is not intended to, and does not operate to, waive the attorney-client privilege,

attorney work-product protection, or any other protection otherwise applicable to the information so disclosed.

2.    As used herein, "Protected Information" shall include all documents and information designated as CONFIDENTIAL in accordance with the provisions of this Stipulation and Order. CONFIDENTIAL Material shall include all documents or information (including oral testimony) as to which any defendant may assert on its own behalf (or EBG may assert on behalf of a present or former client) the attorney-client privilege, the attorney work-product protection, or the protection afforded by Fed. R. Civ. P. 26(b)(3), or which is protected by confidentiality obligations of the Massachusetts Rules of Professional Conduct, but which EBG reasonably believes it must disclose to establish a defense in this action in accordance with Rule 1.6 of the Massachusetts Rules of Professional Conduct.

3.    Protected Information designated as CONFIDENTIAL may be disclosed only to the following:

    (a)    To the parties;

    (b)    To attorneys of record for the parties, including regular employees of such counsel such as secretaries and paralegals who are assisting in this litigation;

    (c)    To persons retained by a party or its counsel to assist in the preparation of this litigation for trial, including without limitation accountants or other experts;

    (d)    To the authors, addressees, recipients or originators of CONFIDENTIAL Material;

    (e)    To third party witnesses and court reporters in preparation for or at

depositions or trial, provided, however, that the attorney making such disclosure shall inform said persons of the existence of this Order and request their compliance therewith;

(f) To any person agreed to by the parties; and

(g) To this Court and its staff provided that any CONFIDENTIAL Material submitted to the Court shall be filed in a sealed envelope conspicuously marked: "CONFIDENTIAL. THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES." If the Court shall refuse to grant any party's request to so treat material which the party proposes to file, the party may file such material with the Court, but such filing shall not be deemed to waive any other disclosure restriction contained herein.

4. Protected Information shall under no circumstances be disclosed to any person or entity other than those specifically identified in paragraph 3 hereto.

5. Any person to whom access to Protected Information is provided pursuant to paragraph 3(c) shall, prior to gaining access to such Protected Information, review this Order and sign a certificate to acknowledge that he or she has read the Order and will abide by its terms.

6. Protected Information shall at all times during the litigation be maintained in the utmost confidentiality and, upon conclusion of this litigation, be returned to the producing or testifying party or third party (along with all copies, excerpts or summaries therefrom). However, counsel for a party shall be permitted to retain in its files one archival set of documents, testimony, pleadings and other material which may contain Protected Information.

7. Protected Information (regardless of how it is communicated), including, but not limited to, all documents, testimony (deposition or otherwise), or other material that refers, reflects or otherwise discusses Protected Information, shall not be used, directly or indirectly, by any person, including experts, for any business, commercial, competitive or personal purpose or for any purpose whatsoever other than the preparation, trial and appeal of this action.

8. In the event that any party hereto objects to the designation of any information as Protected Information, the following procedure will determine whether such information shall remain Protected Information subject to the provisions of this Stipulation and Order:

    (a) until otherwise agreed upon in writing or determined by the Court, any information identified as CONFIDENTIAL shall remain Protected Information subject to the provisions of this Stipulation and Order.

    (b) A party objecting to the designation of Protected Information (the "Objecting Party") shall send a written notice of such objection to the Producing Party identifying the Protected Information at issue and requesting that the CONFIDENTIAL designation be withdrawn. In the event the Producing Party does not respond to the notice within ten (10) business days thereof, the CONFIDENTIAL designation shall be deemed automatically terminated, and the material at issue shall no longer be subject to the provisions of this Stipulation and Order. If the Producing Party responds within ten business days reaffirming the CONFIDENTIAL designation, the parties, through their attorneys, shall meet and confer (by telephone or otherwise) to attempt to resolve the dispute. Any resolution shall be written and signed by the Objecting and Producing Parties.

(c) In the event the dispute is unresolved, the Objecting Party may present the dispute to the Court. In such a case, it is agreed and understood that any information identified as Protected Information shall continue to be treated as such until the Court rules or the parties otherwise agree in writing.

9. Marking of documents with the CONFIDENTIAL legend shall not be required prior to inspection of the documents by the Receiving Party pursuant to voluntary disclosures or in response to formal requests for production of documents. For the convenience of the parties, the legend may be affixed to the copies of documents requested pursuant to such inspection prior to delivery of the copies to the Receiving Party, and all documents made available for inspection shall be treated as though they had been designated CONFIDENTIAL until and unless the Receiving Party receives copies which have not been so designated.

10. Any deposition or portion thereof during which Protected Information is being disclosed shall be taken as if *in camera* without any persons in attendance other than those set forth in paragraph 3. Portions of depositions may be designated as CONFIDENTIAL under this Stipulation and Order by so expressly notifying the other party during the deposition, or in writing within ten (10) days of receipt of the deposition transcript. All deposition transcripts shall presumptively be treated as Protected Information in accordance with the terms of this Stipulation and Order for a period of ten (10) business days after the transcript of said deposition is received.

11. Nothing contained herein shall be deemed to restrict in any way any party or his, her or its attorneys with respect to disclosure of his, her or its own documents and shall not affect the right of any party to seek further protection of any of its confidential proprietary information.

12. In the event anyone covered by this Stipulation and Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she or it is a party, (c) is served with any other legal process by one not a party to this litigation, or (d) has a request or demand made by any public entity, seeking Protected Information which was produced or designated as CONFIDENTIAL, that person or party shall give prompt written notice of such to the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Protected Information, or to subject himself, herself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this or any other court.

14. Nothing in this Stipulation and Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to the Lawsuit and, in the course thereof, from generally referring to or relying upon his or her examination of Protected Information.

15. The Stipulation and Order shall survive the final conclusion of the Lawsuit and continue in full force and effect.

16. Any party may apply to the Court for a modification of this Order.

17. This Stipulation and Order shall not apply to any documents, or information contained therein, which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board. Nothing in this Stipulation and Order shall limit the right of a party to use documents or information obtained from any source independent of production by a party to this litigation or production by a non-party pursuant to a subpoena in this litigation.

| | |
|---|---|
| ROBERT J. HANFLING, CHAPTER 11 TRUSTEE FOR ATG, INC. and CATALYTICS LLC | JOHN PRESTON and CHRISTOPHER NAGEL |
| By his attorney, | By their attorneys, |
| _____/s/ Robert M. Fleischer_____<br>Robert M. Fleischer<br>MORGENSTERN JACOBS & BLUE LLC<br>Merritt View<br>383 Main Avenue<br>Norwalk, CT  06851<br>203.846.6622 | _____/s/ Nancy E. Maroney_____<br>Joseph S. Ayoub (BBO # 024900)<br>Nancy E. Maroney  (BBO #652324)<br>NUTTER MCCLENNEN & FISH, LLP<br>155 Seaport Boulevard<br>Boston, MA  02210<br>617.439.2000 |
| EPSTEIN BECKER & GREEN, P.C. | ETHAN JACKS and EUGENE BERMAN |
| By its attorneys, | By their attorneys, |
| _____/s/ Paula M. Bagger_____<br>Marjorie Sommer Cooke (BBO # 097800)<br>Paula M. Bagger (BBO # 547703)<br>COOKE, CLANCY & GRUENTHAL<br>265 Franklin Street<br>Boston, MA  02110<br>617.428.6800 | _____/s/ John P. Coyle_____<br>John P. Coyle, Esq. (BBO # 103530)<br>DUNCAN & ALLEN<br>1575 Eye Street, NW<br>Suite 300<br>Washington, DC  20005<br>202.289.8400 |

Dated:  February 14, 2006

It is SO ORDERED

_____

Richard G. Stearns
United States District Judge

Dated:  _____, 2006