UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT I. HANFLING,<br>  Chapter 7 Trustee of the Bankruptcy<br>  Estates of ATG, Inc. and ATG<br>  Catalytics LLC,<br><br>          Plaintiff,<br><br>          v.<br><br>EPSTEIN BECKER & GREEN, P.C.,<br>  et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10077-RGS |

**MOTION OF DEFENDANT EPSTEIN BECKER &
<u>GREEN, P.C. FOR SUMMARY JUDGMENT</u>**

Defendant Epstein Becker & Green, P.C. ("EBG") moves, pursuant to Fed. R. Civ. P. 56(b), for summary judgment on the professional malpractice claim asserted by Robert I. Hanfling, Chapter 7 Trustee of the bankruptcy estates of ATG, Inc. and ATG Catalytics LLC (the "Trustee"). The Trustee alleges that, at the time EBG was representing ATG, Inc. and ATG Catalytics LLC in connection with the acquisition of assets from the bankruptcy estate of Molten Metal Technology, Inc. ("MMT"), including the assets of its catalytic extraction process ("CEP") business, EBG knew and failed to disclose to ATG certain information regarding MMT's CEP technology.

EBG is entitled to summary judgment for three separate and independently dispositive reasons. First, it is undisputed that EBG did not possess the "knowledge" attributed to it by the allegations of the Trustee's Complaint. Second, the limited information about MMT and its CEP technology that EBG did possess was not, as a

matter of law, material to its representation of ATG, and EBG therefore had no duty to disclose it.  Third, it is undisputed that ATG already knew the information EBG allegedly failed to disclose.  Accordingly, EBG had no duty to disclose information already known to its client, and any failure to disclose such information could not have proximately caused ATG's alleged harm.

EBG's motion is supported by its Statement of Undisputed Material Facts, submitted pursuant to this Court's Local Rule 56.1, and the supporting Affidavits of William M. Hewitt, Jarvis P. Kellogg, and Paula M. Bagger, all filed herewith.  The grounds for its motion are more fully set forth in the Memorandum in Support of Motion of Defendant Epstein Becker & Green, P.C. for Summary Judgment, also filed herewith.

WHEREFORE, EBG requests that its Motion for Summary Judgment be allowed.

EPSTEIN BECKER & GREEN P.C.


___/s/_Marjorie Sommer Cooke_____
Marjorie Sommer Cooke (BBO # 097800)
Paula M. Bagger (BBO # 547703)
COOKE, CLANCY & GRUENTHAL, LLP
150 Federal Street
Boston, MA  02110
Dated:  June 7, 2006                    (617) 428-6800


**CERTIFICATE OF SERVICE**

I, Marjorie Sommer Cooke, hereby certify that I have this 7th day of June, 2006, served a true copy of the foregoing upon counsel for the plaintiff through the Court's ECF filing system.

_____/s/ Marjorie Sommer Cooke_____
Marjorie Sommer Cooke

2