UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. HANFLING,<br>  Chapter 7 Trustee of the Bankruptcy<br>  Estates of ATG, Inc. and ATG<br>  Catalytics, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>EPSTEIN BECKER & GREEN, P.C.,<br><br>      Defendant. | Civil Action No. 05-10077-RGS |

**MOTION TO STRIKE DEPOSITION TESTIMONY OF ALAN BRAUNSTEIN**

Defendant Epstein Becker & Green, P.C. ("EBG") hereby moves to strike the deposition testimony of Alan Braunstein, submitted by plaintiff Robert I. Hanfling, Chapter 7 Trustee of the bankruptcy estates of ATG, Inc. and ATG Catalytics, LLC (the "Trustee") in opposition to EBG's motion for summary judgment.

As grounds for its motion, EBG states:

1.    On June 7, 2006, EBG moved for summary judgment on the sole remaining count of the Complaint in this matter, alleging legal malpractice by EBG in its representation of ATG.

2.    On July 7, 2006, the Trustee opposed EBG's motion. Among the materials it submitted in opposition was a series of excerpts from the deposition of Alan Braunstein, taken by EBG in this matter.

3.    Mr. Braunstein, a Boston lawyer, was counsel to the Chapter 11 Trustee of the bankruptcy estate of Molten Metal Technology, Inc. ("MMT"). The Chapter 11 Trustee, Stephen Gray, was appointed in late August 1998 and Mr. Braunstein appointed to act as his counsel between

late August and mid-September 1998. Braunstein Dep. at 5-7 (Ex. A hereto). Mr. Braunstein has no personal knowledge of EBG's legal work for the MMT employees, which was performed both prior to the MMT bankruptcy and during the debtor-in-possession period. The matters with respect to which Mr. Braunstein offers testimony in the deposition excerpts are completely outside his personal knowledge. As submitted by the Trustee as Fleischer Affidavit Exhibit F and Fleischer Supplemental Affidavit Exhibit N, they include:

 a. hearsay statements attributed to Daniel Cohn, counsel to MMT as debtor-in-possession (Braunstein Dep. at 39-40 and 50-51) and undisclosed participants in the MMT Shareholder Litigation (*id*. at 81-82);

 b. imperfectly remembered information from documents that were neither authored by nor addressed to Mr. Braunstein and that Mr. Braunstein reviewed long after their creation (Braunstein Dep. at 39, 53-54, 82); and

 c. speculative conclusions that Mr. Braustein has drawn from after-the-fact review of documents, as to which he has no first-hand knowledge, and discussions with third parties (Braunstein Dep. at 70-71, 78-82 ).

 4. The Court should strike Mr. Braustein's deposition testimony because the testimony contained in the excerpts is not independently admissible in evidence.[1] Rule 56(e) requires that supporting affidavits "set forth such facts as would be admissible in evidence." FED R. CIV. P. 56(e). "Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990); *accord Vazquez v. Lopez-Rosario*, 134

---

1   Mr. Braunstein does testify on personal knowledge with respect to document production by the MMT Trustee to the ATG Trustee, plaintiff herein, and document production in a state court lawsuit brought by the ATG Trustee against the MMT Trustee. Braunstein Dep. at 71-77. It is not clear why this excerpt was included in the record, however, as the Trustee did not rely upon it in his summary judgment papers and it does not appear relevant to any issue raised on EBG's motion for summary judgment.

F.3d 28, 33 (1st Cir. 1998). Lay witness opinion testimony is inadmissible unless "rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of the fact in issue." Mr. Braunstein's testimony consists variously of hearsay statements, unsupported conclusions and speculative assertions and thus does not satisfy the standards of personal knowledge, admissibility and competence required by Fed.R.Civ.P. 56(e). "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit." *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 6 (1st Cir.1998).

WHEREFORE, EBG requests that its Motion to Strike Deposition Testimony of Alan Braunstein be allowed.

EPSTIEN BECKER & GREEN, P.C.


___/s/ Paula M. Bagger_____
Marjorie Sommer Cooke (BBO # 097800)
Paula M. Bagger (BBO # 547703)
COOKE, CLANCY & GRUENTHAL, LLP
265 Franklin Street
Boston, MA  02110
(617) 428-6800

Dated:  July 24, 2006


## CERTIFICATE OF SERVICE

I, Paula M. Bagger, hereby certify that I have this 24th day of July, 2006, served a true copy of the foregoing upon counsel for the plaintiff through the Court's CM/ECF system.


_____/s/ Paula M. Bagger_____
Paula M. Bagger

# Transcript of the Testimony of Alan L. Braunstein

*Taken:* **April 10, 2006**

*Volume*: **1**

### In the Matter of:
Robert I. Hanfling, Et Al,
                    Plaintiff,

v.

Epstein, Becker & Green, Et Al,
                    Defendants.

*Reported By Heidi B. Stutz*

*O'CONNOR POLLARD REPORTING, INC.*
*Phone: 508-528-2950*
*Fax: 508-528-3927*
*Email: Mycourtreporter@comcast.net*

ALAN L. BRAUNSTEIN
4-10-06

Page 1

```
                                    Volume: I
                                    Pages: 1-103
                                    Exhibits: 1-7

         UNITED STATES BANKRUPTCY COURT

         NORTHERN DISTRICT OF CALIFORNIA


                                 Case Nos.
IN RE:  ATG, INC., ET AL,        01-46389 N11
              Debtors            02-43161 N11
                                 02-43163 N11
                                 02-43164 N11

   *  *  *  *  *  *  *  *  *

ROBERT I. HANFLING, CHAPTER 11
TRUSTEE FOR ATG, INC. and ATG
CATALYTICS LLC,
              Plaintiffs
                                 Adv. Pro. No.
         vs.                     03-04806

EPSTEIN, BECKER & GREEN, P.C.,
JOHN PRESTON, CHRISTOPHER
NAGEL, EUGENE BERMAN, ETHAN
JACKS, QUANTUM CATALYTIC LLC,
ABC CORPS 1 THROUGH 5 and JOHN
DOES 1 THROUGH 5,
              Defendants
```

        DEPOSITION of ALAN L. BRAUNSTEIN, a witness called by and on behalf of the Defendant Epstein, Becker & Green, P.C., taken pursuant to the Federal Rules of Civil Procedure, before Heidi B. Stutz, Certified Shorthand Reporter No. 146599S and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Riemer & Braunstein, LLP, 3 Center Plaza, Boston, Massachusetts, on Monday, April 10, 2006, commencing at 11:02 a.m.

ALAN L. BRAUNSTEIN
4-10-06

Page 2

1  APPEARANCES:
2       ROBERT M. FLEISCHER, ESQ.
        Morgenstern Jacobs & Blue, LLC
3       383 Main Avenue
        Norwalk, Connecticut 06851
4       203-846-6622
        Rfleischer@mjbllc.com
5           on behalf of the Plaintiffs
6       PAULA M. BAGGER, ESQ.
        Cooke, Clancy & Gruenthal, LLP
7       265 Franklin Street
        Boston, Massachusetts 02110
8       617-428-6800
        Pbagger@ccg-law.com
9           on behalf of the Defendant Epstein,
            Becker & Green, P.C.
10
        PETER H. SUTTON, ESQ.
11      Riemer & Braunstein, LLP
        3 Center Plaza
12      Boston, Massachusetts 02108
        617-880-3400
13          on behalf of the Deponent
14
15
16
17
18
19
20
21
22
23
24

O'CONNOR POLLARD REPORTING, INC.

Mycourtreporter@comcast.net    508-528-2950 * MA: 800-528-2951    Fax: 508-528-3927

8b011878-1728-4d54-86a2-afad871fdb7b

ALAN L. BRAUNSTEIN
4-10-06

Page 3

1               I N D E X
2
  WITNESS:            DIRECT   CROSS   REDIRECT   RECROSS
3
4  ALAN L. BRAUNSTEIN    4       93
5
   EXHIBITS:              DESCRIPTION              PAGE
6
7   1         Fax dated 9/25/98                     14
8   2         Confidential Agreement                15
9   3         Initial Proposal                      21
10  4         Motion to Approve Settlement
              Agreement                             34
11
    5         Internal Memo dated 12/6/97           45
12
    6         Letter dated 11/10/97                 56
13
    7         Plaintiffs' Supplemental
14            Answers to Defendant Nagel's
              First Set of Interrogatories          76
15
16
17
18
19
    ***ALL EXHIBITS KEPT BY ATTORNEY BAGGER***
20
21
22
23
24

O'CONNOR POLLARD REPORTING, INC.

Mycourtreporter@comcast.net    508-528-2950 * MA: 800-528-2951         Fax:  508-528-3927

8b011878-1728-4d54-86a2-afad871fdb7b

ALAN L. BRAUNSTEIN
4-10-06

Page 4

1                P R O C E E D I N G S
2    Whereupon:
3                    ALAN L. BRAUNSTEIN,
4    having been satisfactorily identified and duly sworn
5    by the Notary Public, was examined and testified as
6    follows:
7                    DIRECT EXAMINATION
8       BY MS. BAGGER:
9        Q.    Good morning, Mr. Braunstein.
10       A.    Good morning.
11       Q.    Thank you for being here.  My name is
12   Paula Bagger and I represent Epstein, Becker &
13   Green, P.C. which is a defendant in the action
14   Robert I. Hanfling versus Epstein, Becker & Green,
15   et al, Civil Action Number 05-10077, pending in
16   United States District Court.
17              Could you state your full name for
18   the record, please?
19       A.    Alan Louis Braunstein.
20       Q.    And you are currently counsel to the
21   Chapter 11 Trustee of the Molten Metal Technologies
22   bankruptcy?
23       A.    Technically not.  I was counsel.  Plan was
24   confirmed, so now I'm counsel to the plan

O'CONNOR POLLARD REPORTING, INC.

Mycourtreporter@comcast.net    508-528-2950 * MA: 800-528-2951         Fax:  508-528-3927

8b011878-1728-4d54-86a2-afad871fdb7b

Page 5

1  administrator.
2      Q.   And what date was the plan confirmation?
3      A.   I believe it was February 13th of this
4  year, 2006.
5      Q.   And is Stephen Gray the plan
6  administrator?
7      A.   He is.
8      Q.   And was Stephen Gray the Chapter 11
9  Trustee?
10     A.   He was.
11     Q.   Do you remember the month and year of your
12 appointment as Chapter 11 Trustee?
13          MR. SUTTON:  Objection.  He's not
14 the Trustee.
15     Q.   I'm sorry, as counsel to the Chapter 11
16 Trustee.
17     A.   August, 1998.
18     Q.   And do you recall approximately the date
19 of Mr. Gray's appointment as Chapter 11 Trustee?
20     A.   The way it works is that what happened is
21 the Court enters the order appointing the Trustee.
22 Then the U.S. Trustee makes his choice or her
23 choice.  Actually, it was his choice at that time,
24 Chris Marshall was the Trustee.  And then the

Page 6

1    Trustee files a document with the court.  So it's a
2    process that sometimes is a week to ten days.  So
3    the actual date would be the Trustee was appointed
4    on this date, Steve Gray was appointed as Trustee by
5    the U.S. Trustee, and then the court affirmed that
6    appointment.  That I believe took place over the
7    last week in August of 1998.  I don't remember the
8    exact date.  The date that we've been using for
9    purposes of our pleadings are on or about August
10   24thth.
11        Q.   And how much, how long a period of time
12   elapsed between Mr. Gray's appointment becoming
13   final and you being appointed counsel to Mr. Gray,
14   approximately?
15        A.   Again, because of the way it works with
16   regard to bankruptcy, Mr. Gray called us, and
17   ostensibly with our local rules we were asked to be
18   counsel to the Trustee subject to a pleading,
19   subject to the approval of the court.  Again, those
20   are three separate days.  When you're asked, your
21   employment becomes nunc pro tunc without further
22   order of the court once you apply your application.
23   And when the order enters, it then dates all the way
24   back.  All this was a period of I believe late

ALAN L. BRAUNSTEIN
4-10-06

Page 7

1   August to mid-September of 1998.
2       Q.   At the point that you started acting as
3   counsel to Mr. Gray what was the status of efforts
4   to sell assets of Molten Metal Technology?
5       A.   The Trustee was soliciting offers and in
6   doing so consulted with the debtor's counsel and the
7   creditors' committee, as well as I believe the
8   Blackstone Group.  There were number of parties that
9   were involved during the, what we call the debtor in
10  possession period before the appointment of a
11  Trustee.  And during that time period the parties
12  had solicited various offers for some of the assets
13  of the debtor.  I don't know specifically, but that
14  was the posture that things were in.  Blackstone was
15  hired for that purpose.  The creditors' committee on
16  its own, we were informed, were looking at the ways
17  to sell Bay City to a liquidator, those sort of
18  things.  So the Trustee investigated those avenues
19  that had been explored previously by the predecessor
20  professionals in the case and then set out on what
21  he thought was the most appropriate course going
22  forward.
23      Q.   Did the Blackstone Group's appointment end
24  when you became the -- excuse me, when Mr. Gray