UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT I. HANFLING, CHAPTER 7 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**EPSTEIN BECKER & GREEN, P.C.,**<br><br>Defendant. | C.A. No. 05-10077-RGS<br><br><br><br><br><br>December 1, 2006 |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**WITH MEMORANDUM OF POINTS AND AUTHORITIES**

The Plaintiffs, Robert I. Hanfling, Chapter 7 Trustee for ATG, Inc. and ATG Catalytics, LLC (jointly, the "Plaintiffs"), by their attorneys, Jacobs Partners LLC, pursuant to Fed. R. Civ. P. 59, respectfully submit this Motion for Reconsideration of the Court's ruling and order of November 21, 2006 allowing the Motion for Summary Judgment filed by defendant Epstein Becker & Green, P.C. (alternatively the "Defendant" or "EBG").

**BACKGROUND**

1.  On June 7, 2006, the Defendant filed its motion for summary judgment (the "Motion for Summary Judgment), together with supporting papers. On July 7, 2006, the Plaintiffs filed their memorandum in opposition (the "Plaintiff's Memorandum") to the Motion for Summary Judgment. The Defendants submitted a reply memorandum on July 24, 2006.

2.  On June 23, 206, the Plaintiff filed a motion for leave to amend its complaint. On November 14, 2006, the Court granted the Plaintiffs' motion and authorized the Plaintiffs to file

an amended complaint. On November 15, 2006, the Plaintiff's filed their amended complaint (the "Amended Complaint").

3. On November 21, 2006, the Court conducted a hearing on the Motion for Summary Judgment. During the hearing, the Court observed that the evidence did appear to support the Plaintiffs' allegation in the Amended Complaint that EBG had a conflict of interest when it represented ATG, although the Court did not make a formal finding in this regard. However, the Court found that the record failed to establish a factual basis for causation, and therefore granted the Motion for Summary Judgment.

4. In reaching its decision to allow the Motion for Summary Judgment, the Court has failed to consider two issues. First, the Court failed to address the fact that the burden of proof as to causation was upon EBG in accordance with its role as a fiduciary to ATG. Second, the Court failed to address the fact that the existence of the conflict, standing alone, would permit the Plaintiffs to recover, at a minimum, the attorneys fees paid by ATG to EBG in connection with EBG's conflicted representation of ATG.

## ARGUMENT

### A. The Burden of Proof As To Causation Was Upon EBG, Not Plaintiff

5. There is no question that an attorney owes the highest of fiduciary duties to his clients. See, e.g., Sears Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 15 (1st Cir. 1997) ("The attorney-client relationship is 'highly fiduciary' in Massachusetts.") (citing Hendrickson v. Sears, 365 Mass. 83 (1974); Dunne v. Cunningham, 234 Mass. 332 (1920)). As a fiduciary, the burden of proof shifts to the attorney to prove that a conflict of interest did not cause any actual harm to the client. See generally, Cleary v. Cleary, 427 Mass. 286, 295 (1998) (discussing the general burden shifting rule when there is a fiduciary relationship); Rempelakis v. Russell, 65 Mass. App. Ct. 557, 563-67 (2006). Accordingly, the burden was not on the Trustee

2

to show that EBG's conflict of interest caused damage to ATG's bankruptcy estate, but rather, the burden was on EBG to show that it did not. EBG failed to meet that burden and, at the very least, there is a genuine issue of material fact as to causation and Plaintiff should be allowed to proceed to trial. The Plaintiff specifically argued in its memorandum in opposition to the Motion for Summary Judgment that the burden of proof as to causation was upon the Defendants. See Plaintiff's Memorandum, p. 16 (citing Cleary). Although this issue was raised in the Plaintiff's Memorandum, it was not addressed by the Court.

**B. The Record Establishes A Factual Basis For Causation Of Damages**

6.  Moreover, even if the Court were to find that EBG met its burden of proving that its conflict of interest did not cause any actual damages to ATG's bankruptcy estate, the Court's finding of a conflict of interest, by itself, is sufficient to warrant a finding of damages in the form of disgorgement of all fees paid by ATG to EBG in connection with the MMT Transactions. The case law is clear that where counsel undertakes a representation that creates a conflict of interest, and counsel fails to adequately disclose such conflict, the proper remedy is disgorgement of fees. See Fidelity Management & Research Co. v. Ostrander, 1993 WL 818684, at *4 (Mass. Super. Ct. Dec. 9, 1993); See also Bezanson v. Thomas (In re R & R Assocs. of Hampton ), 2003 WL 1233047, at *5 (Bankr. D.N.H. Jan.31, 2003) (holding that counsel's failure to disclose conflict of interest warranted disgorgement of fees); See generally, Rome v. Braunstein, 19 F.3d 54, 58 (1st Cir. 1994). Furthermore, it is of no import whether or not the client suffered any measurable monetary damages because "the injury to [the client] is the loss of [counsel's] undivided loyalty, and disgorgement of profits is the appropriate remedy to prevent conflicts of interest in the future." Fidelity Management & Research Co., 1993 WL 818684, at *4.

7. Accordingly, at the very least, the Plaintiffs will be entitled to recover damages to the extent of the fees paid by ATG to EBG in connection with the MMT Transactions. In that event, Plaintiff submits that it will be entitled to proceed to trial in order to determine the amount of the fees paid by ATG to EBG.

**WHEREFORE**, for the reasons detailed above, the Plaintiffs respectfully request that the Court grant the Plaintiff's motion for reconsideration and deny the Defendant's Motion for Summary Judgment.

Dated:  Norwalk, Connecticut
        December 1, 2006

                         THE PLAINTIFFS,
                         By their attorneys,
                         JACOBS PARTNERS LLC

By:   */s/ Robert M. Fleischer*
Mark R. Jacobs
Leslie L. Lane
Robert M. Fleischer
Merritt View
383 Main Avenue
Norwalk, Connecticut 06851
Phone: (203) 846-6622
Fax: (203) 846-6621

  - and-

McCARTER & ENGISH, LLPP
William A. Zucker
David Himmelfarb
225 Franklin Street
Boston, MA 02110
(617) 345-7000

**Certification of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 1st day of December, 2006.

By: /s/ Robert M. Fleischer
Robert M. Fleischer