UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10077-RGS

ROBERT J. HANFLING, Chapter 11 Trustee
for ATG, INC. AND ATG CATALYTICS, LLC

v.

EPSTEIN, BECKER & GREEN, P.C.

<u>MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO RECONSIDER</u>

December 21, 2006

STEARNS, D.J.

On November 15, 2006, the plaintiff Trustee amended the Complaint to allege malpractice on the part of defendant Epstein Becker & Green, P.C. (EBG). The Trustee contends that EBG failed to disclose a conflict of interest that would have disqualified the firm from representing the debtor ATG, Inc., in the acquisition of a technology owned by bankrupt Molten Metals Technologies, Inc. (MMT).[1] The Trustee alleges that ATG suffered damages when the acquired technology failed. On June 7, 2006, EBG moved for summary judgment, arguing that the Trustee could not show a causal connection between ATG's damages and the undisclosed conflict of interest. After reviewing the parties' briefs and hearing oral argument, the court agreed and allowed EBG's motion for summary judgment ore tenus.

On December 1, 2006, the Trustee filed a motion seeking reconsideration of the grant of summary judgment. The Trustee asserts two grounds: (1) that the court failed to give due consideration to his argument that the burden of disproving causation rested on EBG because of its fiduciary status with respect to ATG; or (2) in the alternative, that the court erred in failing to order EBG to refund the attorneys' fees it had received from ATG.

---

[1] The conflict is alleged to have arisen from the firm's prior representation of MMT in a related matter.

While the Trustee's contention regarding the proper allocation of the burden of proof as to causation is mistaken,[2] even were it not, the Trustee would fare no better. The affidavit of William Hewitt, a former officer of ATG, which was submitted by EBG in support of its summary judgment motion, states that decision makers at ATG were aware of the potential problems with the MMT technology but discounted them in the belief that they had available a backup technology should the need arise. The Trustee was obligated, under any allocation of the burden of proof to come forward with facts disputing the Hewitt affidavit. This he failed to do.

As to the claim for disgorgement, the court notes that the theory was not pled in the Amended Complaint. Even had it been pled, it fails.[3] In <u>McCann v. Davis, Malm & D'Agostine</u>, 423 Mass. 558, 559-560 (1996), the Court readily endorsed the plaintiff's argument that an attorney's failure to disclose a conflict of interest violates the Massachusetts Code of Professional Responsibility, S.J.C. Rule 3:07, Canon 5, DR 5-105(C), but affirmed an award of no damages because "[t]he evidence fully warranted the finding . . . that the firm's negligence caused no damage to the plaintiff." The same is true here. The Trustee has not alleged any shortcomings in the legal work performed by EBG on ATG's behalf. Nor does anything in the cases cited by the Trustee suggest a contrary result.[4]

---

[2]The issue was fully briefed and before the court during oral argument.

[3]The Trustee's failure to assert a demand for disgorgement is particularly egregious given that the court allowed the Trustee to file the Amended Complaint *after* EBG's summary judgment motion was filed.

[4]The cases the Trustee cites in which disgorgement was ordered involved fiduciaries and employees in other than an attorney-client context.

## ORDER

For the foregoing reasons, the Trustees' motion for reconsideration is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE