UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT I. HANFLING, CHAPTER 7 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C.,** | |
| Plaintiffs, | C.A. No. 05-10077-RGS |
| vs. | |
| **EPSTEIN BECKER & GREEN, P.C.,** | |
| Defendant. | February 15, 2007 |

### PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR COSTS

The Plaintiffs, Robert I. Hanfling, Chapter 7 Trustee for ATG, Inc. and ATG Catalytics, LLC (jointly, the "Plaintiffs"), by their attorneys, Jacobs Partners LLC, respectfully submit this Objection to the Motion of Defendant Epstein Becker & Green, P.C. (alternatively, the "Defendant" or "EBG") for Costs (the "Costs Motion"). In support of their Objection, Plaintiffs represent as follows:

### BACKGROUND

1.  Simultaneously with the filing of this Objection, Plaintiffs filed an Objection to Defendants Motion for an Award of Attorneys Fees and Expenses Under 28 U.S.C. § 1927 (the "Attorneys Fee Objection"). The Attorneys Fee Objection states the facts relevant to this Objection and, therefore, Plaintiffs refer the Court to the Attorneys Fee Objection for a statement of the relevant background. In addition, all capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Attorneys Fee Objection, which is incorporated herein and made a part hereof.

## **LAW & ARGUMENT**

**TAXATION OF COSTS IS DISCRETIONARY AND SHOULD NOT BE AWARDED WHERE, AS HERE, THE PREVAILING PARTY'S MISCONDUCT JUSTIFIES DENIAL OF COSTS.**

2. Defendants seek taxation of costs against the Plaintiffs pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure. "Congress has enumerated the type of expenses that a federal court 'may tax as costs.'" *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1st Cir. 1993) ("*Two Appeals*") (quoting 28 U.S.C. § 1920). "Rule 54(d) works in tandem with the statute." *Id.* Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Accordingly, by the express terms of Rule 54(d), the Court has the discretion to deny costs to the prevailing party. *See, e.g.*, *Two Appeals*, 994 F.2d at 962-63. Moreover, "Rule 54(d) confers no discretion on federal courts independent of the statute to tax various types of expenses as costs." *Id.* at 962. Thus, the taxation of costs is not mandatory and, if awarded, costs are limited to those categories specifically enumerated in 28 U.S.C. § 1920.

3. Courts will exercise their discretion to deny costs where "'there has been some fault, misconduct, default, or other action worthy of penalty' on the winner's side." *Two Appeals*, 994 F.2d at 963 (quoting *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)). *See also Gordon v. Castle Oldsmobile & Honda, Inc.*, 157 F.R.D. 438, 440 (N.D. Ill. 1994) ("misconduct by the prevailing party worthy of a penalty (*i.e.*, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings) will suffice to justify the denial of costs.") (citing *Muslin v. Frelinghuysen Livestock Managers*, 777 F.2d 1230, 1236 (7th Cir. 1985)); *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (cataloguing justifications acceptable for denying costs); *Delta Air Lines, Inc. v. Colbert*, 629

2

F.2d 489, 490 (7th Cir. 1982) (holding that costs may be denied where there has been some fault, misconduct, default or other action worthy of penalty on the part of the prevailing side); *Thomas v. First Federal Savings Bank of Indiana*, 659 F. Supp. 421, 425 (N.D. Ind. 1987) (same).

4. Here, the evidence before the Court unquestionably shows that EBG had a conflict of interest at the time it commenced its representation of ATG, and, it failed to disclose that conflict to ATG. Indeed, at the hearing before this Court on EBG's Summary Judgment Motion, the Court observed that it was "pretty apparent that there was [a conflict] on the part of EBG … and there was a duty on EBG to disclose the prior representation and EBG did not." *See* Transcript of Hearing on Summary Judgment Motion, Nov. 21, 2006 (the "Nov. 21 Tr."),[1] page 3:17 – 3:21. The Court granted the Summary Judgment Motion because it found that the record failed to establish a factual basis for causation. *See* Nov. 21 Tr. at 12:20 – 13:23. The Court never concluded that EBG did not have a conflict or had not engaged in misconduct. To the contrary, it was evident to the Court that there was a conflict, which should have been disclosed but was not.

5. Further, the costs that EBG seeks to recover are predominantly stenographic costs incurred in connection with depositions submitted in evidence on EBG's Summary Judgment Motion. However, as discussed more fully in the Attorneys Fee Objection, those depositions focused overwhelming, if not exclusively, on the issue of whether EBG had a conflict, not causation. Each of those depositions was necessary because EBG took the untenable position that there was no conflict, a position it continues to maintain despite clear evidence to the contrary and despite this Court's observation that EBG did indeed have a conflict. Moreover, it is clear from the trial transcript that the Court placed little, if any, emphasis or reliance on the deposition transcripts submitted by Defendants. Rather, the Court's decision was heavily

---

[1] A true and accurate copy of the Nov. 21 Tr. is attached as Exhibit A to Fleischer Declaration filed in support of the Attorneys Fee Objection.

3

impacted by the Hewittt Affidavit, which primarily related to causation issues. *See* Nov. 21 Tr. at 3:22 – 3:25, 13:7 – 13:8. It was only because of the Defendant's baseless assertions of no conflict that the depositions at issue became necessary as part of Phase I discovery. But for EBG's position regarding a conflict, most of the depositions at issue could have been avoided entirely, or, at least postponed until Phase II discovery had the case been allowed to proceed. Consequently, because the stenographic deposition transcript costs were not "*necessarily* obtained for use in the case" within the meaning of the statute, such costs are not taxable. 28 U.S.C. § 1920(2) (emphasis added).

6. Moreover, even if the Court should find that such costs are taxable, the Court should exercise its discretion under Rule 54(d) and deny Defendant any award of costs based on the Defendant's misconduct. This case was precipitated by Defendant's misconduct – representing ATG under a conflict of interest and failing to disclose that conflict. Defendant's misconduct continued throughout this case by raising unnecessary issues and unnecessarily prolonging this case by unreasonably disputing the existence of the conflict in the face of clear fact and law to the contrary. *See, e.g., Gordon v. Castle Oldsmobile & Honda, Inc.*, 157 F.R.D. 438, 440 (N.D. Ill. 1994) ("misconduct by the prevailing party worthy of a penalty (*i.e.*, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings) will suffice to justify the denial of costs.").

7. There is no question that an attorney owes the highest of fiduciary duties to his clients. See, e.g., Sears Roebuck & Co. v. Goldstone & Sudalter, P.C., 128 F.3d 10, 15 (1st Cir. 1997) ("The attorney-client relationship is 'highly fiduciary' in Massachusetts.") (citing Hendrickson v. Sears, 365 Mass. 83 (1974); Dunne v. Cunningham, 234 Mass. 332 (1920)). EBG breached that duty, as this Court previously observed, by representing ATG under a conflict and failing to disclose that conflict. This Court should not now award EBG for its

4

misconduct, to do so would be a gross miscarriage of justice.

8.      Lastly, Plaintiffs object to the Costs Motion to the extent it seeks costs not specifically enumerated in 28 U.S.C. § 1920 and/or fails to sufficiently document, itemize or explain the claimed costs.  For instance, the $150 fee paid to the United States District Court for the Northern District of California for Defendant's motion to withdraw the reference does not appear to be specifically enumerated under § 1920.

**WHEREFORE**, for the reasons detailed above, the Plaintiffs respectfully request that the Court deny Defendant's motion for costs and grant Plaintiffs such other and further relief as is just and appropriate.

Dated:   Norwalk, Connecticut
             February 15, 2007

                                      THE PLAINTIFFS,
                                      By their attorneys,
                                      JACOBS PARTNERS LLC


                       By:     */s/ Robert M. Fleischer*
                              Mark R. Jacobs
                              Leslie L. Lane
                              Robert M. Fleischer
                              Merritt View
                              383 Main Avenue
                              Norwalk, Connecticut 06851
                              Phone: (203) 846-6622
                              Fax: (203) 846-6621

## Certification of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 15th day of February, 2007.

By: /s/ Robert M. Fleischer
Robert M. Fleischer