**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT I. HANFLING, CHAPTER 7 TRUSTEE FOR ATG, INC. AND ATG CATALYTICS L.L.C.,** | |
| **Plaintiffs,** | **C.A. No. 05-10077-RGS** |
| **vs.** | |
| **EPSTEIN BECKER & GREEN, P.C.,** | |
| **Defendant.** | **February 15, 2007** |

**JACOBS PARTNERS LLC'S <u>AMENDED</u> MEMORANDUM IN OPPOSITION TO  DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER 28 U.S.C. § 1927**

Jacobs Partners LLC ("JPLLC"), counsel to the Plaintiffs, Robert I. Hanfling, Chapter 7 Trustee of ATG, Inc. ("ATG") and Robert I. Hanfling, Chapter 7 Trustee (the "Trustee") of ATG Catalytics, L.L.C. ("ATG Catalytics" and jointly with ATG, the "Plaintiffs"), hereby submit this Memorandum in Opposition to the Motion For An Award Of Attorney's Fees And Expenses Under 28 U.S.C. § 1927 (the "Motion") filed by defendant Epstein, Becker & Green, P.C. ("EBG").

This Amended Memorandum supercedes and replaces the prior memorandum filed by Plaintiffs' Counsel on February 15, 20007, identified on the Docket for this case as Doc. No. 86. Said document represented a prior draft of Plaintiff's Memorandum, and was filed inadvertently.

For the reasons set forth below, EBG's motion should be denied entirely.

**I.  INTRODUCTION**

By its motion, EBG seeks an award of sanctions against JPLLC pursuant to 28 U.S.C. § 1927 in connection with (1) the Plaintiff's Motion For Leave to Amend the Complaint (the

"Motion") filed on June 23, 2006, and (2) Plaintiff's Motion for Reconsideration filed December 1, 2006. EBG's Motion, and more particularly its supporting memorandum (the "Memorandum") are replete with hyperbolic and unsupported assertions, and fail to establish the grounds required for the imposition of sanctions pursuant to the statute.

## II. BACKGROUND

Discovery (Phase I) in this case concluded in early May of 2006. On June 6, 2006, EBG filed a motion for summary judgment (the "Motion for Summary Judgment"), with supporting documents. The Plaintiffs filed their memorandum and supporting documents on opposing the Motion for Summary Judgment on July 7, 2006. EBG filed a reply memorandum on July 24, 2006. During oral argument conducted before the Court on November 21, 2006, the Court ruled in EBG's favor and granted the Motion for Summary Judgment. Judgment entered in favor of EBG on November 27, 2006.

Prior to the resolution of the Motion for Summary Judgment, the Plaintiffs, on June 23, 2006, filed a Motion For Leave to Amend the Complaint (the "Motion to Amend), together with a supporting memorandum of law. As explained in the supporting memorandum of law, the Plaintiff's sought leave of the Court to amend the Complaint in order to conform the complaint to information learned during discovery, and to remove various allegations that were no longer relevant following the dismissal of the action as to the other named defendants. EBG opposed the Motion to Amend and filed a memorandum in opposition thereto on July 7, 2006. On November 14, 2006, the Court entered an Order allowing the Plaintiff to amend the complaint.

On December 1, 2006, the Plaintiffs filed a Motion for Reconsideration of the Court's ruling on EBG's Motion for Summary Judgment. In response to the Motion for Reconsideration, EBG filed a Memorandum in Opposition on December 12, 2006. On December 21, the Court entered an order denying the Plaintiff's Motion for Reconsideration.

On February 1, 2001, EBG filed the instant Motion.

### III.  LAW AND ARGUMENT

**A.  STANDARD FOR AWARDING SANCTIONS UNDER
28 U.S.C. § 1927 and Fed. R. Civ. P. 54(d)(2)**

Section 1927 of Title 28 of the United States Code provides:

> Any attorney or person admitted to conduct cases in any court of the
> United States or any Territory thereof who so multiplies the
> proceedings in any case unreasonably and vexatiously may be required
> by the court to satisfy personally the excess costs, expenses and
> attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  As EBG states in its Memorandum, the applicable standard in the First Circuit

for the award of sanctions pursuant to 28 U.S.C. § 1927 is set forth in Cruz v. Savage (896. F.2d

626 (1st Cir. 1990)).  "Behavior is 'vexatious' when it is harassing or annoying, regardless of

whether it is intended to be so." Id. at 632.   The *Cruz* court further stated that "[i]t is enough that

an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus

displaying 'serious and studied disregard for the orderly process of justice.'" Id.   This much of

the standard EBG does recite in its Memorandum.  However, EBG stops short of fully reciting

the applicable standard.  As *Cruz* and every subsequent  First Circuit decision  interpreting

Section 1927 have stated, the requirement that the multiplication of proceedings be "vexatious"

necessarily demands that the conduct sanctioned "be more severe than mere negligence,

inadvertence, or incompetence."  Id.; See also Mclane, Graf, Raulerson & Middleton, P.A. v.

Rechberger, 280 F.3d 26, 43 (1st Cir.  2002); Bolivar v. Pocklington, 975 F.2d 28 (1st Cir. 1992).

*Cruz* also cautions that a court "should avoid the wisdom of hindsight and instead evaluate an

attorney's conduct based upon what was reasonable at the time the attorney acted. Cruz, 896

F.2d at 631.

Measured against these standards, imposition of sanctions against JPLLC is clearly not warranted, and would be improper.

**B . <u>THE AMENDMENT OF THE COMPLAINT WAS APPROPRIATE</u>**

EBG argues that JPLLC should be sanctioned in connection with its motion for leave to amend the complaint (the "Motion to Amend").  It asserts that the Amendment "unreasonably and vexatiously multiplied this case." It argues that the motion "interrupted an established summery judgment briefing schedule."  EBG's argument is utter nonsense.

First, the Motion to Amend was correctly timed and entirely appropriate.  It was filed on June 23, 2006. The first phase of discovery in this case had concluded in about early May of 2006. As the Plaintiffs stated in the Motion to Amend, the amendments were necessary to conform the complaint to the matters ascertained by the Plaintiff during discovery, and to remove allegations that were no longer germane to the Plaintiffs' claims against EBG following the settlements and resulting dismissals of the other defendants in this action.   As the Court is aware, the Trustee is a duly appointed bankruptcy trustee.[1] As the Plaintiffs stated in the Motion to Amend, prior to his appointment as ATG's bankruptcy trustee, the Trustee did not hold any position with ATG or its affiliates and he was not involved in any way with the transactions and events that gave rise to this lawsuit. While the Plaintiffs and JPLLC firmly believe they possessed sufficient information to warrant the commencement of this case against EBG, the Plaintiffs did need to develop the case through discovery.  Conforming the complaint after the close of discovery, and after the other defendants were dismissed from the action, was, therefore, with "due regard for the orderly process of justice."   The Motion to Amend was the first and only motion to amend the complaint filed by the Plaintiffs in this case.

---

[1]  ATG filed a voluntary petition for relief under title 11 of the United States Code with the Bankruptcy Court on December 3, 2001 (Case No. 01-46389 (RJN)). By order dated February 11, 2002, the Bankruptcy Court approved the appointment of Mr. Hanfling to serve as the Chapter 11 Trustee for ATG, Inc. effective February 6, 2002.  On June 12, 2002, the Trustee directed and authorized ATG's wholly owned subsidiaries, including plaintiff ATG Catalytics, LLC, to likewise file voluntary petitions for relief with the Bankruptcy Court.  By order dated April 27, 2003, the Bankruptcy Court converted ATG's bankruptcy cases from cases pending under chapter 11 to chapter 7. The Trustee was then appointed to serve as chapter 7 Trustee of ATG and its affiliates.

The Motion to Amend did not interfere with the Summary Judgment schedule in any sense.  Nothing about the amendments sought by the Motion to Amend had any material impact on the parties', and the Court's ability to address the substantive issues raised in the Motion for Summary Judgment, including the issue of damages and causation.  The parties were able to proceed with the Summary Judgment motions in accordance with the schedule and none of the parties sought to alter to the summary judgment schedule on account of the Motion to Amend.  Nor did the Court see fit to alter the summary judgment schedule on its own accord.  Furthermore, the Court specifically noted in its Order of November 14, 2006 allowing the Motion to Amend that the motion was "neither untimely nor prejudicial."

EBG continues to argue that the allegations in the Complaint, including the Amended Complaint, were "unsupported, almost fanciful."  In this regard, EBG hopelessly clings to its own "fanciful" position that its representation of ATG was not conflicted.   JPLLC, and the Trustees, firmly maintain their view that EBG had an undisclosed conflict of interest when it represented ATG.  The evidence submitted to the Court by the Plaintiffs in their opposition to EBG's Motion for Summary Judgment demonstrates that the Plaintiffs, at the very least, made out a *prima facie* case as to their  allegation that  EBG had a conflict of interest which EBG should have, but failed, to disclose to ATG.  Indeed, the Court acknowledged this much during the November 21, 2006 hearing:

> "As I understand the amended complaint, the argument that the trustee now makes is that EBG's wrongdoing was in failing to disclose the fact that there was a conflict that resulted from prior representation.
>
> Let's assume that there was a conflict. It seems to me pretty apparent that there was on the part of EBG. And, further, I think we can assume that the trustee is correct that the conflict existed and there was a duty on EBG to disclose the prior representation and EBG did not."

<u>See</u> Transcript of hearing, November 21, 2006, page 3, lines 13 through 21.[2]  Now, EBG

essentially argues that the Court's own view of the evidence was not merely incorrect, but so

much so that the Court should <u>now</u> find that Plaintiffs had no basis to even allege that EBG had a

conflict of interest.  This makes no sense whatsoever.

EBG further argues that the Trustee and his counsel failed to inquire of former ATG

employees about their knowledge of the MMT assets and ATG's motivations for entering into

the asset purchase agreement. That view is unfounded and unsupported.   First, by the time the

Trustee and his counsel became aware of sufficient information to warrant commencement of

this case, none of the employees involved in the transaction were still employed with the ATG.

In fact, by the fall of 2003, the Trustee had obtained orders from the Bankruptcy Court approving

the sales of the only two units of ATG that were still operating.[3]   Upon consummation of those

sales, ATG had only a handful of employees nationwide, none of whom possessed information

germane to the issues raised in the Summary Judgment Motion. The Trustee needed the benefit

of discovery to fully develop the case.

Notwithstanding the Court's determination on EBG's Motion for Summary Judgment,

the Plaintiff's position regarding causation was meritorious and not frivolous.  EBG, and the

Court, place tremendous weight on the Affidavit of William Hewitt (the "Hewitt Affidavit") for

the proposition that ATG was fully aware of the risks associated with ATG's acquisition of the

MMT facility. The Plaintiffs do not agree that the Hewitt Affidavit demonstrates that ATG was

---

[2] A true and accurate copy of the entire official transcript of the November 21, 2006 hearing is attached as to the accompanying declaration of Robert M. Fleischer.
[3] On April 24, 2003, the Trustee obtained an Order from the Bankruptcy Court approving the sale of ATG's Nuclear Services Division to RWE Nukem. That transaction closed promptly after the order entered. On August 6, 2003, the Trustee obtained an Order from the Bankruptcy Court approving the sale of ATG's Richland, Washington operations to  Pacific Ecosolutions, Inc. That sale likewise closed promptly thereafter. Upon the sale of both these units, ATG had no ongoing business operations.

fully aware of the risks.[4] As explained fully in the Plaintiff's Memorandum in Opposition to

EBG's Motion for Summary Judgment, the Plaintiff believes that the Hewitt Affidavit evidences

that ATG, in its decision to move forward with the MMT transaction, was operating under a set

of important assumptions, many of which were entirely incorrect. The Plaintiffs addressed these

concerns fully in their Memorandum opposing EBG's Motion for Summary Judgment.  It is the

Plaintiff's view that ATG's risk/benefit analysis would unquestionably have resulted in a

different outcome had ATG not been operating under those incorrect assumptions.  Furthermore,

the Plaintiffs still believe that had the Court permitted them to proceed to Phase II discovery, the

Plaintiffs would have been able to adduce evidence, in the form of expert opinion, demonstrating

that the disclosure of EBG's conflict of interest would have raised red flags that would in turn

have lead ATG to a better understanding of the MMT assets, and that better understanding would

have changed the assumptions and ATG's ultimate decision to move forward with the

transaction.  That EBG and the Court disagreed with the Plaintiffs' view, and that the Court

granted summary judgment, does not render the Plaintiff's view frivolous.  As the Court is

aware, the standard by which a court determines a motion for summary judgment is not

congruent with the standard by which a court determines whether to impose sanctions under 28

U.S.C. § 1927.

## C.  THE MOTION FOR RECONSIDERATION WAS NOT VEXATIOUS

EBG further complains that the Trustee's Motion for Reconsideration warrants an award

of attorneys' fees pursuant to 28 U.S.C. § 1927.  While the Plaintiffs' Motion for

---

[4] EBG further attacks JPLCC and the Plaintiff's for their failure to locate and interview William Hewitt. However, Mr. Hewitt is a defendant in a separate action commenced by the Trustee against various former officers and directors of ATG (*Robert I. Hanfling, Ch. 7 Trustee v. Doreen Chiu et al.*, Case No. C05-01141 (N.D. California). In August of 2005, the Trustee and his counsel were notified by the process server attempting to serve the summons and complaint on Mr. Hewitt that he had learned from Mr. Hewitt's neighbor that Mr. Hewitt was deceased. The process server provided the Plaintiffs' counsel with an affidavit to that effect, a copy of which is attached to the Fleischer Declaration.

Reconsideration did not succeed, it was not so lacking merit, or so frivolous as to constitute "a serious and studied disregard for the orderly process of justice."   Again, the mere fact that the Plaintiff's arguments were not accepted by the Court does not warrant the imposition of sanctions pursuant to the statute.

In no way do the circumstances of this case compare with the circumstances of the cases in which other Federal courts in this Circuit have awarded attorneys' fees pursuant to 28 U.S.C. § 1927. For example, in Cruz, supra, the court noted that the majority of the Plaintiff's ten claims were entirely frivolous, not just as to finite elements, but as to the entire claims.  In addition, throughout the litigation, the sanctioned counsel had continually engaged in obfuscation of the issues, hyperbolism and groundless presumptions. Counsel also refused to turn over a key piece of evidence, and openly insinuated that the Court was biased. All of that behavior, taken together, justified an award of attorneys fees. See Cruz v. Savage, 896 F.2d 626, 634 (1st Cir. 1990).

In Bolivar v. Pocklington, 975 F.2d 28 (1st Cir. 1992), the Court found that the complaint on its very facts exhibited a blatant disregard for basic legal principles.  In addition, the Court noted that the Plaintiff's initiation of the action was spurred by a bald attempt to circumvent an order entered in a related, prior proceeding. Id. at 33-34.

And in Bermudez v. 1 World Productions, Inc., 209 F.R.D. 287 (D. Puerto Rico 2002), the Court awarded sanctions pursuant to 28 U.S.C. § 1927 where plaintiff's counsel failed entirely to respond to various dispositive motions filed by the defendants, repeatedly failed to comply with court orders, failed to appear at a court ordered hearing, failed to effect service of process as ordered by the court, failed to respond to the motion for sanctions, and where the

complaint was frivolous at its underpinnings, notwithstanding four separate amendments, counsel failed. <u>Id.</u> at 290.

This case presents nothing even remotely close to the circumstances presented in any of the three cases referenced above. Neither JPLCC nor the Plaintiff's have engaged in the kind of behavior seen in any of the cases in this Circuit where the courts saw fit to award sanctions.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Court should deny EBG's Motion in its entirety.  In the event the Court should grant EBG's Motion, Plaintiffs reserve the right to review and contest the amount of attorneys' fees that EBG's claims it should recover. [5]

Dated:    Norwalk, Connecticut
          February 15, 2007

                         THE PLAINTIFFS,
                         By their attorneys,
                         JACOBS PARTNERS LLC

              By: _____
                         Mark R. Jacobs
                         Leslie L. Lane
                         Robert M. Fleischer
                         Merritt View
                         383 Main Avenue
                         Norwalk, Connecticut 06851
                         Phone: (203) 846-6622
                         Fax: (203) 846-6621

---

[5] JPLCC has twice requested that EBG's counsel provide copies of the time records supporting its claim for attorneys fees. EBG's counsel had refused this request, indicating it will only provide that information after the Court rules on the Motion. In this regard, EBG's refusal to provide the billing information unnecessarily protracts the Court's complete resolution of this issue.

## CERTIFICATION OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 15th day of December, 2007.

By: /s/ Robert M. Fleischer ____
Robert M. Fleischer