UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT I. HANFLING, Chapter 7
Trustee for ATG, Inc., and
ATG CATALYTICS, LLC,
    Plaintiffs,


    v.                                           CIVIL ACTION NO.
                                                 05-10077-RGS


EPSTEIN BECKER & GREEN, P.C.,
    Defendant.

REPORT AND RECOMMENDATION RE:
DEFENDANT EPSTEIN BECKER & GREEN, P.C.'S MOTION FOR COSTS UNDER
28 U.S.C. § 1920 AND FEDERAL RULE OF CIVIL PROCEDURE 54(d)(1)
(DOCKET ENTRY # 81) AND DEFENDANT EPSTEIN BECKER & GREEN, P.C.'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
UNDER 28 U.S.C. § 1927
(DOCKET ENTRY # 83)

May 22, 2007

BOWLER, U.S.M.J.

    Pending before this court are motions filed by defendant

Epstein Becker & Green, P.C. ("EBG" or "defendant"), a law firm

located in New York City for costs under 28 U.S.C. § 1920

("section 1920") and Federal Rule of Civil Procedure 54(d)(1)

("Rule 54") (Docket Entry # 81) and a motion for attorneys' fees

under 28 U.S.C. § 1927 ("section 1927") (Docket Entry # 83).

Defendant seeks to impose such costs and attorneys' fees on

plaintiffs Robert I. Hanfling, the Chapter 7 Trustee of ATG,

Inc., and ATG Catalytics, LLC ("plaintiffs").  After conducting a

hearing on April 4, 2007, this court took the motions (Docket

Entry ## 81 & 83) under advisement.

BACKGROUND

This litigation arises out of the purchase by ATG, Inc. of certain assets from the bankruptcy estate of Molten Metal Technology, Inc. ("MMT") in December 1999.  Defendant represented ATG, Inc. during ATG's attempt to acquire MMT's assets.  The amended complaint alleges that defendant, which represented MMT prior to its bankruptcy, failed to disclose the conflict that purportedly arose from that prior representation.  The amended complaint further notes that defendant knew that MMT had invested significant funds developing a proprietary technology known as catalytic extraction processing ("CEP") and that defendant, through the prior representation, knew that the CEP technology had serious problems and flaws.  Nonetheless, defendant allegedly failed to disclose this material information to ATG and, more notably, failed to disclose its pre-bankruptcy representation of MMT and other parties connected to MMT.

The sanctions dispute arises from the filing of various motions by plaintiffs in this action.  In particular, after defendant filed a motion for summary judgment, plaintiffs filed a motion for leave to amend the complaint ("motion to amend") on June 23, 2006.  The district court allowed the motion to amend on November 11, 2006.  Plaintiffs filed the amended complaint the next day.  (Docket Entry ## 52, 57, 73 & 74).  The amended complaint, which was based on facts from the first phase of discovery, removed claims against other defendants and eliminated a number of claims against the remaining defendants.  By filing

2

the motion to amend and the amended complaint plaintiffs did not change or alter the summary judgment proceedings, which proceeded according to the original schedule.

On November 21, 2006, the district judge allowed summary judgment in favor of defendant, ruling that plaintiffs had failed to establish that defendant's actions caused any harm. (Docket Entry # 76). Plaintiffs then filed a motion for reconsideration ("motion for reconsideration") on December 1, 2006. (Docket Entry # 77). In that motion, plaintiffs made three main arguments: first, that the burden of proving harm belonged to defendant; second, that defendant's failure to disclose a conflict of interest entitled plaintiffs to disgorgement of profits regardless of harm; and third, that continued discovery would permit them to establish harm through expert testimony. The district judge denied the motion for reconsideration on December 21, 2006. (Docket Entry # 79).

As a prevailing party, defendant seeks an award of costs under section 1920 and Rule 54(d). (Docket Entry # 81). Defendant also submits that the filing of the motion for leave to amend and the motion for reconsideration was futile, untimely and prejudicial. Accordingly, defendant seeks attorneys' fees under section 1927. (Docket Entry # 83).

<u>DISCUSSION</u>

I. <u>Defendant's Motion for Costs Under Section 1920 and Rule 54</u>

A. <u>Standard of Review</u>

It is well settled that Rule 54[1] works in conjunction with 28 U.S.C. § 1920.[2]  McHale v. Westscott, 1995 WL 708678 at * 1 (E.D.N.Y. Nov. 27, 1995).  In section 1920, Congress set forth the costs to be awarded to a prevailing party under Rule 54(d).  Mary M. v. North Lawrence Community School Corporation, 951 F.Supp. 820, 828 (S.D.Ind. 1997).  Although in assessing costs under Rule 54 a district judge has the discretion to award costs other than those enumerated in section 1920, this discretion should be used sparingly.  O'Ferral v. Trebol Motors Corporation, 45 F.3d 561, 564 (1st Cir. 1995).

With respect to the taxation of docket fees as costs, section 1920 refers to 28 U.S.C. § 1923 ("section 1923"), which authorizes specific costs.  In particular, $20.00 is allowed as a

---

[1] Rule 54(d)(1) states, in pertinent part:  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .."  Fed. R. Civ. P. 54(d)(1).

[2] Section 1920 states:

A judge or clerk of any court of the United States may tax as costs the following:  (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of stenographic transcript necessarily obtained for us in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses of special interpretation services under section 1928 of this title.

28 U.S.C. § 1920.

docket fee on a final hearing.  28 U.S.C. § 1923(a).  The statute also allows for a docket fee of $2.50 for each deposition admitted into evidence.  Id.

Section 1920 enumerates filing fees as taxable costs. National Truck Equipment Ass'n v. National Highway Safety Administration, 972 F.2d 669, 674 (6th Cir. 1992); see also Nugget Distributors Co-op of America, Inc. v. Mr. Nugget, Inc., 145 F.R.D. 54, 57 (E.D.Pa. 1992) (filing fees are recoverable "fees of the clerk and marshal" to the prevailing party under section 1920).

Additional items, while not specifically enumerated in section 1920, are well established as assessable costs against non-prevailing parties.  Stenographic transcripts of depositions are considered part of the "stenographic transcript" for which costs are allowed under section 1920.  Cooke v. Universal Pictures Co., 135 F.Supp. 480, 481 (S.D.N.Y. 1955).  Transcripts need not be absolutely indispensable in order to provide a basis for award of costs.  Rather, it is enough that they are reasonably necessary.  Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993); see United States v. Davis, 87 F.Supp.2d 82, 87 (D.R.I. 2000) (taxation of deposition transcript costs allowed where depositions were necessary for the purposes of cross-examination).  Nor must deposition transcripts be actually used at trial, so long as they are reasonably necessary to prepare for trial and establish the prevailing party's case.  Endress &

Hauser, Inc. v. Hawk Measurement Systems, 922 F.Supp. 158, 161
(S.D.Ind. 1996).

Service of process fees are not taxable as costs where a
private process server, rather than a United States Marshal, is
used to deliver the summons or subpoena.  Cofield v. Crumpler,
179 F.R.D. 510, 515 (E.D.Va. 1998); Pion v. Liberty Dairy Co.,
922 F.Supp. 48, 53 (W.D.Mich.1996).  When the service of process
is performed by the United States Marshal, however, those process
servers' fees are properly included in the bill of costs.  Morris
v. Carnathan, 63 F.R.D. 374, 381 (D.Miss. 1974); see also United
States for Use and Benefit of Evergreen Pipeline Const. Co., Inc.
v. Merritt Meridian Const. Corp., 95 F.3d 153, 173 (2nd Cir.
1996) (holding that the plain fee shifting language of section
1920 does not allow for private process servers' fees).

Under section 1920, the court may tax "fees and
disbursements for printing and witnesses."  28 U.S.C. § 1920(3).
Witness expenses are generally limited by the provisions of 28
U.S.C. § 1821, which provides that "[a] witness shall be paid an
attendance fee of $40 per day for each day's attendance."  28
U.S.C. § 1821(b).  The $40.00 per day allowance applies not only
to a witness subpoenaed to testify at trial, but also to a
witness who is in attendance "before any person authorized to
take his deposition pursuant to any rule or order of a court of
the United States."  28 U.S.C. § 1821(a)(1).  Costs of a
prevailing party's witnesses are reasonably necessary expenses

which justify recovery from the losing party.  <u>Marks v.</u>
<u>Calendine</u>, 80 F.R.D. 24, 30-31 (N.D.W.Va. 1978).  Witness fees
paid for deposition testimony are also recoverable provided the
testimony was reasonably necessary at the time the deposition was
taken.  <u>See</u> <u>Morrissey v. County Tower Corp.</u>, 568 F.Supp. 980, 982
(E.D.Mo. 1983) (witness deposition fees awarded even though the
depositions were merely exploratory and investigative, where
depositions seemed reasonably necessary).

    B.  <u>Individual Items Requested</u>

    Defendant seeks costs associated with:  (1) docket fees; (2)
a filing fee; (3) stenographic deposition transcripts; (4) a
process servers charge; and (5) a witness fee.  (Docket Entry #
81).

    The docket fees requested consist of $20.00 paid for a final
hearing in a civil case, as well as $2.50 paid per deposition for
eight depositions entered into evidence.  Thus, defendant
incurred a total of $40.00 in docket fees.  As previously
mentioned, these docket fees are specifically authorized by
sections 1920 and 1923 as taxable costs.

    Defendant also incurred a filing fee of $150.00 in the
United States Bankruptcy Court for the Northern District of
California prior to the transfer of the case to the United States
District Court for the District of Massachusetts.  The cost is
also taxable, since filing fees are authorized in section 1920.
<u>See</u> <u>Nugget Distributors Co-op of America, Inc. v. Mr. Nugget,</u>

<u>Inc.</u>, 145 F.R.D. 54, 57 (E.D.Pa. 1992).  Although plaintiff argues that this fee has not been specifically enumerated, the court in <u>Nugget Distributors</u> explained that "fees of the clerk and marshal" include filing fees.  <u>Id.</u>

Defendant seeks stenographic costs of $2,576.80 incurred in connection with depositions submitted in support of its motion for summary judgment.  (Docket Entry # 81). Defendant asserts that the eight depositions were reasonably necessary to take in the course of discovery.  Plaintiffs argue that defendant took baseless depositions which needlessly focused on disproving the conflict of interest despite clear evidence to the contrary. Plaintiffs' argument is not well taken.  The issue of whether or not defendant had a conflict of interest was a legitimately contested issue even though the district judge commented orally at the summary judgment hearing that a conflict seemed "pretty apparent."  (Docket Entry # 80, p. 3).  The depositions were taken to investigate the alleged conflict of interest.  The fact that the district judge did not focus on the alleged conflict and instead dismissed the case on causation grounds does not alter the fact that the depositions were reasonably necessary at the time they were taken.

Defendant also seeks to recover a process server's charge of $37.00 paid to obtain the deposition of Alan Braunstein. ("Braunstein").  Defendant hired the legal services company of Suvalle, Jodrey & Associates to serve the summons on Braunstein.

8

(Docket Entry # 82).  Because defendant used a private process server to serve Braunstein,[3] this cost is not properly taxable.  See Cofield v. Crumpler, 179 F.R.D. 510, 515 (E.D.Va. 1998); Pion v. Liberty Dairy Co., 922 F.Supp. 48, 53 (W.D.Mich.1996).

Defendant also seeks to recover a witness fee of $42.00 incurred in connection with Braunstein's deposition.  As discussed above, witness fees incurred in the course of obtaining depositions are properly taxable up to $40.00 per day so long as the testimony was reasonably necessary at the time.  Inasmuch as Braunstein's deposition was reasonably necessary at the time, the witness fee is properly taxable to plaintiffs up to the amount of $40.00.

In sum, all of defendant's requested costs are taxable to the plaintiffs except for the process server's charge.  The docket fees, filing fee, stenographic costs and witness fee up to the $40.00 amount are properly taxable.  A total amount of $2,806.80 in costs is therefore taxable against plaintiffs pursuant to section 1920.

Plaintiffs make the final argument that even if such costs are taxable, this court should use its discretion under Rule 54(d) to deny an award of costs because of defendant's alleged misconduct.  Specifically, plaintiffs maintain that defendant engaged in misconduct by unreasonably disputing the existence of

---

[3] Section 1920 allows for "fees of the clerk *and marshal*".  28 U.S.C. § 1920 (emphasis added).

its conflict of interest.  As previously noted, however, the conflict of interest was vigorously disputed but never addressed due to the fact that the case was dismissed on other grounds, i.e., causation.  Accordingly, the conflict of interest dispute became moot given the dismissal on the independent ground of causation.  Therefore, defendant did not engage in misconduct which would warrant the denial of an award of costs under 54(d).  Based on the foregoing discussion defendant is entitled to an award of costs in the amount of $2,806.80.


II.  <u>Defendant's Motion for Attorneys' Fees Under Section 1927</u>

Defendant argues that it is entitled to attorneys' fees and costs because plaintiffs unreasonably and vexatiously multiplied the proceedings in violation of section 1927.  Section 1927 provides:

> Any attorney or person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Specifically, defendant claims that plaintiffs' filing of the motion to amend the complaint and the subsequent motion to reconsider summary judgment violated section 1927.

For defendant to prevail, plaintiffs' conduct "must multiply the proceedings and be 'unreasonable and vexatious.'"

10

<u>Cruz v. Savage</u>, 896 F.2d 626, 631-32 (1st Cir. 1990).  "Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so."  <u>Id.</u> at 632.  "Harassing or annoying" is defined as conduct that "display[s] a 'serious and studied disregard for the orderly process of justice.'"  <u>Id.</u> at 632 (quoting <u>United States v. Nesglo, Inc.</u>, 744 F.2d 887, 891 (1st Cir. 1984)).  An objective standard applies, meaning there is no requirement for a finding of bad faith to support an award of attorneys' fees.  <u>See</u> <u>Cruz</u>, 896 F.2d at 632; <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 142 F.R.D. 41 (D. P.R. 1992).  Finally, a party's conduct must "be more severe than mere negligence, inadvertence, or incompetence."  <u>Cruz</u>, 896 F.2d at 632; <u>see also</u> <u>McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger</u>, 280 F.3d 26, 43 (1st Cir. 2002); <u>Bolivar v. Pocklington</u>, 975 F.2d 28 (1st Cir. 1992).

Therefore, to determine if defendant is entitled to attorneys' fees, it is necessary to determine if plaintiffs' filing of the motion to amend and the motion for reconsideration was more than merely negligent, inadvertent or incompetent. This court turns first to the evaluation of the motion to amend.

A.  <u>Evaluation of Plaintiffs' Amended Complaint</u>

At the close of the first phase of discovery, plaintiffs filed a motion for leave to amend the complaint on June 23, 2006.  The motion followed defendant's motion for summary

judgment, which had been filed on June 7, 2006.  Plaintiffs assert that the motion to amend and the proposed amended complaint were appropriate to conform the complaint to the facts uncovered during discovery.  The district judge implicitly agreed by stating that the motion to amend was "neither untimely nor prejudicial."  (Docket Entry # 73).  Defendant filed an opposition to the motion to amend and no hearing was held on the issue.  The only other action defendant took regarding the motion to amend was to renew its existing summary judgment motion in opposition to the motion and the proposed amended complaint.

As plaintiffs and defendant both note, the allowance of the motion to amend and the filing of the amended complaint did not interrupt the ongoing summary judgment proceedings.  The parties were able to continue according to the already established schedule.  As proposed and ultimately filed, the amended complaint did not alter the substantive issues raised in defendant's motion for summary judgment.  Indeed, defendant implicitly agrees with this fact because it merely reasserted its existing summary judgment motion in response to the amended complaint.  There was also never any motion hearing regarding the motion to amend.  Finally, the district judge allowed defendant's summary judgment motion within one week of the filing of the amended complaint.  Both the motion to amend and the subsequent amended complaint therefore failed to create

further proceedings.

This failure is critical because, on its face, section 1927 requires a multiplication of proceedings.  There was never any hearing on the motion to amend, however, and defendant only had to file one opposition to the motion to amend.  Thus, the plaintiffs' actions regarding the amended complaint did not multiply the proceedings at all, much less multiply them unreasonably or vexatiously in violation of section 1927. Notwithstanding defendant's arguments about the substantive failures of the amended complaint, the net result was to cause defendant to produce one opposition brief.  Accordingly, neither plaintiffs' motion to amend nor the amended complaint itself multiplied the proceedings, vexatiously or otherwise, and are thus not sanctionable events under section 1927.


    B.  <u>Plaintiffs' Motion for Reconsideration</u>

Following the allowance of defendant's motion for summary judgment, plaintiffs filed a motion for reconsideration.  The decision to allow summary judgment was based entirely on the amended complaint's failure to establish a factual basis for causation of harm.  The court held that, given the record, any finding of causation of harm would be based on "bare conjecture and speculation."

Nevertheless, plaintiffs moved for reconsideration on the ground they had established a prima facie case as to the

allegation that defendant failed to disclose a conflict of interest. At oral argument, the district judge noted that the existence of a conflict of interest was likely but ruled in favor of defendant on the aforementioned causation ground. Plaintiffs argued in the motion for reconsideration that any failure to disclose a conflict of interest should result in the disgorgement of profits, regardless of whether that conflict of interest caused harm. Plaintiffs further argued that, due to the fiduciary nature of the attorney client relationship, the burden of proof was not on plaintiffs to establish that a conflict of interest did cause harm but rather was on defendant to prove that it did not cause harm.

Plaintiffs' burden shifting argument is without merit. While it is true, as plaintiffs argue, that the attorney client relationship is considered "highly fiduciary" in Massachusetts, the burden of proof does not shift from the client to the attorney except in cases of self dealing. This is illustrated by the very case plaintiffs rely upon for support of the burden shifting argument. See Cleary v. Cleary, 692 N.E.2d 955, 961 (Mass. 1998). In that case, an attorney convinced an invalid relative to name him the beneficiary of her annuity. See Id. at 956. Cleary stands for the principle that the burden only shifts in cases of self dealing, which plaintiffs in this case do not allege. See Id.; see also Clark v. Rowe, 701 N.E.2d 624, 628 (Mass. 1998). Thus, without an allegation of self dealing

14

by defendant, there is no burden shifting and the burden of proving causation of harm remains with plaintiffs.

Plaintiffs' disgorgement argument is similarly without merit. Relying on <u>Fidelity Management</u>, plaintiffs claim that whenever there is a showing of an undisclosed conflict of interest by an attorney, "'the disgorgement of profits is the appropriate remedy,'" whether or not there are any monetary damages because "'the injury to [the client] is the loss of [counsel's] undivided loyalty.'" (Docket Entry # 77; quoting <u>Fidelity Management & Research Co. v. Ostrander</u>, 1993 WL 818684 at * 4 (Mass.Super. 1993), with parentheticals in plaintiffs' motion for reconsideration).

Plaintiffs misstate Massachusetts law which has not adopted a rule allowing disgorgement in the absence of causation of damages. In fact, damages must be shown to warrant disgorgement. <u>See</u> <u>Fiduciary Trust Co. v. Bingham, Dana & Gould</u>, 789 N.E.2d 171, 177 (Mass. 2003); <u>McCann v. Davis, Malm & D'Agostine, P.C.</u>, 669 N.E.2d 1077, 1078 (Mass. 1996).

Secondly, plaintiffs' reliance on <u>Ostrander</u>, an unreported case, is entirely misplaced. That case involved a suit by an employer against a financial securities specialist, not an attorney client relationship. <u>See</u> <u>Ostrander</u>, 1993 WL 818684 at * 2. Consequently, plaintiffs' manipulation of the quotation from that case in order to apply it to an attorney client situation, in contravention of existing Massachusetts law,

15

supports a finding of unreasonable and vexatious multiplication of proceedings.

Having misstated the law, plaintiffs' motion for reconsideration was appropriately denied by the district judge. For purposes of the motion for attorneys' fees before this court, however, it is necessary to determine if the motion for reconsideration vexatiously multiplied the proceedings so as to show a serious, studied disregard for the orderly process of justice, or was merely negligent, inadvertent or incompetent. See Cruz, 896 F.2d at 632.

C.  Unreasonableness of Plaintiffs' Motion for Reconsideration

The district judge ruled unequivocally that plaintiffs failed to establish causation of harm.  Plaintiffs' motion for reconsideration posits two completely erroneous legal arguments that attempt to extend the proceedings despite the crucial failure to allege causation in both the original and amended complaints.  Plaintiffs filed the motion to reconsider intentionally and cannot therefore be said to have acted inadvertently.  The failure to adequately state the law in the motion for reconsideration shows a lack of care or skill that is arguably incompetent.  It is bedrock tort law that a plaintiff must establish that defendant caused harm for there to be a cause of action.

Despite bearing the burden of causation, however,

plaintiffs failed to establish causation of harm in the original complaint, the amended complaint and the motion for reconsideration.  Plaintiffs argue that expert testimony could remedy the failure to establish causation of harm but have provided no convincing argument as to what sort of expert would be called or to what that expert could reasonably be expected to testify.

By filing a motion for reconsideration containing two specious and arguably disingenuous legal arguments, neither of which corrected the crucial failure to establish causation of harm, plaintiffs unreasonably multiplied the proceedings in violation of section 1927.  See Bolivar, 975 F.2d at 33 (holding that when a party blatantly disregards a basic legal principle, sanctions under section 1927 are appropriate, especially when that disregard is an attempt to circumvent a court order).  As already noted, it is a basic legal principle that the plaintiff carries the burden of establishing causation of harm.  Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st Cir. 1990); Davis v. Westwood Group, 652 N.E.2d 567, 742-743 (Mass. 1995).  The district judge's summary judgment order clearly stated that plaintiffs had failed to meet that burden. Plaintiffs subsequent, specious arguments to the contrary did nothing to overcome that failure and, as in Bolivar, 975 F.2d at 3, indicate an attempt to circumvent the district judge's ruling.  See Id.  This is evidenced by plaintiffs' failure to

cite applicable law and plaintiffs' willful manipulation of an inapplicable quotation in an attempt to manufacture support for the untenable position.  Thus, having satisfied the standard outlined in <u>Bolivar</u>, plaintiffs have unreasonably and vexatiously multiplied the proceedings by filing a motion for reconsideration.  It is therefore entirely appropriate to award defendant attorneys' fees under section 1927, insofar as those fees were incurred in response to plaintiffs' motion for reconsideration.

<u>CONCLUSION</u>

Accordingly, in light of the above discussion, this court **RECOMMENDS**[4] that the defendant's motion for costs (Docket Entry # 81) be **ALLOWED** in the amount of $2,806.80 and that defendant's motion for attorneys' fees (Docket Entry # 83) be **ALLOWED** only to the extent that they were incurred in opposing the motion for reconsideration.

     /s/  Marianne B. Bowler
**MARIANNE B. BOWLER**

---

[4] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objection within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  <u>United States v. Escoboza Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

18

United States Magistrate Judge